**John H. DOWNEY, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69-C-31-L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

Nov. 6, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by John Henry Downey, Jr., on September 3, 1969, a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated September 2, 1969.

Petitioner is presently serving a four (4) year sentence in the Virginia State Penitentiary pursuant to his conviction on May 10, 1966, in the Corporation Court of the City of Lynchburg, Virginia for the crime of statutory burglary.

On the 13th of June, 1968, petitioner Downey was afforded an evidentiary hearing on the merits of his petition before the Circuit Court of Campbell County, Virginia. The Circuit Court denied petitioner's request for a writ of habeas corpus on the 19th of June, 1968 and a subsequent appeal to the Virginia Supreme Court of Appeals resulted in an affirmation on April 29, 1969, of the lower court's decision. Petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Respondent has moved this court to dismiss said petition because the petitioner seeks to attack a past sentence which "does not affect petitioner's present detention". The petition has raised two questions as to the validity of the January 12, 1951 conviction in the Circuit Court for Campbell County for

housebreaking. He was sentenced to five (5) years in prison, and was discharged on the 12th of June, 1957.

Certainly the focus of attention on the "Great Writ" during the past decade has indeed brought new insights into its purpose and use in protecting one from unlawful detention. This court has always looked to the "Writ" as never being a "static, narrow, formalistic remedy", but rather having as its grand purpose "the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty". Jones v. Cunningham, 371 U.S. 236, 242–243, 83 S.Ct. 373, 377, 9 L.Ed. 2d 285 (1963). Through the years, the Fourth Circuit has taken the lead in the functioning of the "Great Writ" in terms of "immediate release", "prematurity" and "mootness" questions. Although this court could easily spend an enormous amount of time considering all the different and far reaching effects that have occurred during the past few years on the application of the writ, only one area is involved in the petition before us, namely that of "mootness".

At present, the statutory requirement reads as follows:

(the) writ of habeas corpus shall not extend to a prisoner unless * * * (h)e is in custody * * *. 28 U.S. C.A. § 2241(c) (1964).

Over the years, custody questions centering on the "prematurity" and "immediate release" aspects have been resolved but views on the "mootness" question still seem somewhat unsettled. Through a string of landmark cases in the habeas corpus field, the Fourth Circuit has concretely dealt with the "immediate release" problem. The Fourth Circuit has said that if the attack is upon a sentence fully served, Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966) or upon a sentence to be served in the future, which may affect his eligibility or chances for parole, Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967); Martin v. Commonwealth, 349 F.2d 781 (4th Cir. 1965),[1] regardless of the fact that he might not now be eligible for parole, then habeas corpus proceedings may be applied. The Supreme Court followed by rejecting the "immediate release" concept in Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968). In like fashion, the Supreme Court upheld the Fourth Circuit in its "prematurity" concept by affirming the Rowe—Thacker approach,[2] 383 F.2d 709 (4th Cir. 1967) in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

Now to the main point of the case at bar, that is, whether petitioner can attack, via federal habeas corpus, a sentence he has fully served and one which, it is alleged, in no way affects his present detention. The Supreme Court has partially answered this in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The question before the Supreme Court in Carafas was "whether the expiration of petitioner's sentence, before his application was finally adjudicated and while it was waiting appellate review, terminates federal jurisdiction with respect to the application". 391 U.S. at 237, 88 S.Ct. at 1559. The Court in answering the question raised, made the following statement:

(W)e conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application. 391 U.S. at 238–239, 88 S.Ct. at 1559–1560.

In the case at bar, petitioner Downey did not file his petition for a writ of habeas corpus until some 18 years after he

---

1. See Commonwealth ex rel. Stevens v. Myers, 419 Pa. 1, 213 A.2d 613 (1965) for similar views. The court therein stated that it was not considering the "mootness" question in regards to custody requirement.

2. The opinion indicates that the petitioner is really considered as serving all of his present future sentences at the same time, and thus an attack, by way of habeas corpus, could be made, even though, it was a sentence to be served in the future.

had been sentenced by the state court, and some 12 years after he had been discharged from the conviction. Subsequent to petitioner's release in 1957, the records show that he has been convicted on three different occasions, of which he has fully served two of the sentences. His term expires on the 8th of August, 1974. This court is therefore confronted with the main inquiry as to whether the writ should be extended to the sentence which is completely "moot".

■ It seems quite apparent that although the Fourth Circuit has developed a liberal approach to habeas corpus relief, a complete disabandonment of the "custody" concept is not anticipated. Even though a short historical venture from the 1934 Supreme Court decision in McNally v. Hill, 293 U.S. 131, 55 S. Ct. 24, 79 L.Ed. 238 (1934) to the present day application of habeas corpus procedures, will show the demise of the "custody" requirement in "prematurity" and "immediate release" cases, complete abolishment of this requirement is not present in the area of "mootness".

■ This court, however, does not rest its decision on the *Carafas* case, but rather looks to two other cases in making its determination. In Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966), the Fourth Circuit maintained that a state prisoner was entitled to attack his fully served sentence by way of habeas corpus, even though he doesn't attack the sentence he is presently serving, if the invalidation of the sentence under attack would advance the commencement of subsequent sentences. Likewise, in Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir. 1969) the Fifth Circuit, being presented with a similar situation as in *Tucker* and the case at bar, stated as follows:

   \* \* \* (*Carafas*) expressly states "the federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed \* \* \*". The instant case presents a situation somewhat different in that the petition was filed while the petitioner was 'in custody' but for another offense and on a separate sentence which is not being attacked.

The court continued in saying that

   We hold that the court has jurisdiction under the federal habeas corpus statute, 28 U.S.C.A. § 2241, to determine whether the relationship, as claimed, between the present confinement and the Dade County judgment (Campbell County judgment) is such as would result in the appellant receiving credit in some degree on the Hillsborough sentence (Lynchburg City Corporation Court sentence) if he should prevail on the merits of his petition. *The answer to this question will determine whether the court should then proceed to the merits of the petition.* (Emphasis added and words added.) 406 F.2d at 1239.

In conjunction with the aforementioned opinions, this court maintains that the petitioner is in "custody" but computations show that the petitioner is not entitled to receive "credit in some degree" on the sentence he is presently serving. In answering this credit question in the negative, it in turn answers in the negative, whether this court "should then proceed to the merits of the petition".

If the case before us involved a conviction and sentence which were the basis for imposing an additional sentence because of the Virginia recidivist statute (Va.Code Ann. § 53–296), then this court would have authority to grant the relief petitioner requests. Smyth v. Midgett, 199 Va. 727, 101 S.E.2d 575 (1958). Although petitioner Downey has been subsequently convicted and sentenced to prison for other crimes, none of these subsequent crimes have been controlled by the Virginia recidivist statute.

Finally, some courts recently have commented upon the possible "legal consequences" flowing from past convictions which place a "stigma" on the party involved. In the case at bar, the petitioner has through his subsequent con-

**230**

victions produced his own hardships and we shall not now grant him the right to come into court under the veil of federal habeas corpus procedures so as to contest his past, fully served sentence.

Accordingly, for the foregoing reasons, the petitioner has failed to convince this court that he is entitled to federal habeas corpus relief. It is therefore adjudged and ordered that the writ be denied and dismissed.