John Henry DOWNEY, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69-C-29-L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Nov. 11, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* on August 26, 1969, by John Henry Downey, Jr., a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated August 11, 1969.

Petitioner Downey is presently serving a four (4) year sentence in the Virginia State Penitentiary pursuant to his conviction on May 10, 1966, in the Corporation Court of the City of Lynchburg, Virginia for the crime of statutory burglary.

Downey seeks to attack the validity of his January 2, 1951 conviction by the Corporation Court of the City of Lynchburg for housebreaking and larceny. Although the sentence was suspended in 1951, it was later revoked on the 3rd of February, 1958 and petitioner fully served his three (3) year sentence. He was later discharged on the 3rd of February, 1960 as to this conviction and sentence.

The petitioner filed a writ of habeas corpus on the 7th of June, 1966

with the Corporation Court for the City of Lynchburg, Virginia. Several months later, on the 12th of January, 1967, upon an order issued by the aforementioned court, petitioner's petition was duly denied and dismissed. Although the petitioner asserts that the Virginia Supreme Court of Appeals affirmed the lower court's decision, this court can find no evidence to support such a contention. The state court records do not show that an exhaustion has been made of the highest court of the State of Virginia. Regardless of whether or not the Virginia Supreme Court of Appeals considered the petition, this court concludes that it has authority to rule on the petition despite the fact that the petitioner hasn't completely exhausted his state remedies.

In a companion case, 307 F. Supp. 227 (69–C–31–L), this court has granted respondent's motion to dismiss, and likewise, after a careful consideration of the petition before us (69–C–29–L), a similar result will be given.

In the present petition at bar, very similar to 69–C–31–L, petitioner seeks to attack a prior, fully served sentence, which should it be declared invalid, would not entitle the petitioner to receive "credit in some degree" on the sentence he is presently serving. Cappetta v. Wainwright, 406 F.2d 1238, 1239 (5th Cir. 1969); Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966). Because no credit could be given to the petitioner, this court cannot "proceed to the merits of the petition". 406 F.2d at 1239.

Also, as was the situation in 69–C–31–L, the conviction and sentence which petitioner has attacked does not come under the Virginia recidivist statute (Va.Code Ann. § 53–296) and thusly does not mean that the petitioner is being detained under a repeater provision.

Finally, as was discussed in the companion case, the "stigma" question does not present a problem here. Petitioner's subsequent and fully served, and to date, valid sentences imposed upon him, are hardships which he has himself brought about.

Thusly, for the foregoing reasons, petitioner Downey has failed to convince this court that he is entitled to federal habeas corpus relief. It is therefore adjudged and ordered that the writ be denied and dismissed.

The clerk is directed to send a certified copy of this order to the petitioner and to the respondent.