RUBY KENDALL BONDURANT *v.* WILLIAM BONDURANT.

January Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 4, 1932.

*Leon E. Ellsworth* for the libelant.

SLACK, J. The trial court dismissed the libel for the reason hereinafter stated, to which libelant excepted. The merit of this exception depends upon the construction to be given to certain provisions of G. L. 3571. This section of the statute is entitled: "Notice when libelee is out of state." It provides, in effect, that if the libelee is *without* the State, and the place of his domicile is *known* to the libelant, he shall be notified of the pendency of the proceedings by delivering to him personally copies of the process and order, etc., in the manner prescribed by G. L. 2274 and 2275; that if the libelee is *without* the State and his domicile is unknown to the libelant, he shall be notified of the pendency of such libel by the publication of an order of notice in the form and manner therein prescribed. The statute further provides that: "Such order of notice for publication shall issue only upon satisfactory proof by way of affidavit that the libelant has made diligent inquiry and does not know where the libelee resides."

An order of publication in due form was issued and published in the manner prescribed by statute. No other service of the libel and summons upon the libelee was made or attempted.

Such order states: "And it appearing that said libelee is without this state, and that no summons can be served on him, it is ordered," etc. But neither the libel, which is sworn to, nor the accompanying affidavit of the libelant, furnish any proof that the libelee was then without the State. The libel avers merely that his residence or whereabouts is unknown to the libelant; and in her affidavit the libelant simply states what

attempts have been made to find him, and that she is unable to learn anything of his whereabouts.

It was because of the lack of the required proof that the libelee was without the State at the time the libel was brought that the court dismissed the libel.

The libelant contends that the provision of the statute under which the notice was issued must be construed to mean that if the libelee is without the State *or* his domicile is unknown to the libelant, etc. In other words, that the word *and* used in this provision must be construed to mean *or*. It is argued that any other construction is absurd, because a libelant cannot swear that a libelee is without the State when his whereabouts are unknown to the libelant. While there is some plausibility to this argument, it is not convincing that the legislative intent, which it is admitted must control, was what is here claimed. Indeed, a careful examination of the various provisions of the statute relating to the required notice to the libelee in a divorce case indicates the contrary. G. L. 3569 provides that service upon a libelee in the State shall be by delivering to him a true and attested copy of the libel and summons, or by leaving such copy at the place of his usual abode. But the latter statute further provides that service by leaving a copy at the place of his usual abode shall not be sufficient, if it appears that the libelee has not been at such abode after the service, unless it appears that he has had personal notice of the action. Then, too, the title of the section under the provision of which the notice was issued clearly indicates that the substituted service therein provided is authorized only when it appears that the libelee is out of the State,—a mere showing that his whereabouts are unknown to the libelant is not sufficient. This section, as we have seen, prescribes, in the first place, the notice required when the libelee is without the State and the place of his domicile is known to the libelant. Then follows the provision respecting the notice required when the libelee is without the State *and* his domicile is unknown to the libelant.

In view of the other provisions of the statute relating to notice to the libelee, we think that the Legislature used the language of the provision under consideration advisedly, and that such language should be construed according to its plain import. If greater liberality respecting the notice in divorce

cases is desirable, it should be sought through legislative enactment rather than through judical construction.

 Since when the order of notice by publication was issued no proof had been adduced that the libelee was then without the State, such notice was unauthorized and void, and consequently the court was without jurisdiction to hear and determine the case. *Carleton* v. *Carleton,* 85 N. Y. 313; *Shrader* v. *Shrader,* 36 Fla. 502, 18 So. 672; *Atkins* v. *Atkins,* 9 Neb. 191, 2 N. W. 466; *Cordray* v. *Cordray,* 19 Okl. 36, 91 Pac. 781; *Strode* v. *Strode,* 6 Idaho, 67, 52 Pac. 161, 96 A. S. R. 249; *Hedrix* v. *Hedrix,* 103 Mo. App. 40, 77 S. W. 495; *Simenson* v. *Simenson,* 13 N. D. 305, 100 N. W. 708; *Stillman* v. *Rosenberg,* 111 Iowa, 369, 82 N. W. 768; *Parker* v. *Parker* (C. C. A.), 222 Fed. 186. To the same effect are *Galpin* v. *Page,* 18 Wall. (85 U. S.) 359, 21 Law ed. 959; *Cohen* v. *Portland Lodge No. 142, B. P. O. E.* (C. C. A.), 152 Fed. 357, and *Myers* v. *McRay,* 114 Mo. 377, 21 S. W. 730. This is made doubly certain by the express provision of the statute that "an order or notice for publication shall issue only upon satisfactory proof," etc. It follows that the libel was properly dismissed.

*Judgment affirmed.*