# In re Dennis E. Murphy

[ 243 A.2d 788 ]

April Term, 1968

Present: **Holden, C.J., Barney, Smith, JJ., Larrow and Billings, Sup. JJ.**

Opinion Filed June 4, 1968

*W. Edson McKee, Esq.,* for the Petitioner.

*Philip A. Angell, Jr.,* State's Attorney, and *Alan W. Cheever,* Assistant Attorney General, for the State.

**Smith, J.** This is a petition for review, brought by Dennis E. Murphy, now in custody in Windsor State Prison, upon a plea of guilty to a charge of murder in the second degree in the Orange County

Court on February 13, 1958, in connection with the death of his wife by shooting. The motion to set aside and vacate the sentence he is now serving is presented pursuant to 13 V.S.A. §7131-7137. Hearing was had on the motion by the Orange County Court on September 27, 1967, at which hearing respondent was present and was represented by counsel. Findings of fact were made by the Orange County Court and judgment was entered denying the motion of the respondent. Respondent has taken his appeal to this Court.

The first contention of the respondent is that he did not know the exact and particular charge with which he stood convicted by confession in open court, contrary to his rights under Article 10 of the Vermont Constitution.

■ The respondent has briefed no exceptions to the findings of the lower court. The findings, as well as the record of the case which we have examined, clearly indicates that Murphy was fully advised by competent counsel on the meaning of a plea of guilty to murder in the second degree, and what the sentence might be upon the entry of such a plea. Respondent was also advised fully by counsel as to his right to a jury trial as well as the various degrees of murder and the penalty imposed for each degree. Murphy was also advised what the recommendation of the State would be if he entered a plea of guilty to murder in the second degree, and was also advised that the court had made no commitment upon what sentence might be imposed upon the entry of the plea.

On February 13, 1958, counsel for the respondent requested permission to withdraw respondent's former pleas of "not guilty" and "not guilty by reason of insanity."

■ The following dialogue then took place between the respondent and the presiding judge:

The Court: "* * * at this time do you desire to enter a plea to the indictment found by the grand jury wherein you are charged with murder in the second degree?

Respondent: I agree with my lawyer that I did.

Court: And what is your plea?

Respondent: I am pleading guilty.

Court: Is that your desire?

Respondent: I don't think it is any more than fair that I pay all I can for the damage I have done."

We think that the final reply of the respondent indicates a sense of retribution inspired his plea of guilty, and that such plea was made with full understanding on his part of possible consequences.

The findings and record make abundantly clear that respondent was fully informed of the nature of the charge brought against him, and to which he pleaded of murder in the second degree, as well as the possible penalties for both first degree murder as well as murder in the second degree, and that he had been fully advised of his right to a trial by jury. No violation of rights is found.

The respondent next asserts that the indictment to which he pleaded charged him with murder in the first degree, and that upon his plea of guilty in open court it was the trial court's duty to examine witnesses and determine the degree of crime and give sentence accordingly, citing 13 V.S.A. §2302.

Murder is defined in 13 V.S.A. §2301 as follows:

"Murder committed by means of poison, or by lying in wait, or by wilful, deliberate and premeditated killing, or committed in perpetrating or attempting to perpetrate arson, rape, robbery or burglary, shall be murder in the first degree. All other kinds of murder shall be murder in the second degree."

The indictment against Dennis E. Murphy reads in part as follows:

"Did then and there with force and arms, feloniously, wilfully, deliberately, and of malice aforethought * * * then and there beat, kill and murder."

Absent from this indictment is the charge that such murder was "premeditated," which the statute makes a necessary element of murder in the first degree.

■ Respondent argues that by the inclusion of the word "deliberately" in the indictment the charge became that of murder in the first degree. But the use of "and" between "deliberately" and "premeditated" is conjunctive and should be construed according to its plain import. *Bondurant* v. *Bondurant,* 104 Vt. 218, 220, 158 A. 683.

The import of the terms "deliberately and premeditated" is that one must be added to the other, so that both must be charged to make an indictment one for murder in the first degree. The lack of the term "premeditated" in the indictment made it one for murder in the second degree, as the lower court correctly informed the respondent,

and to which degree of murder the respondent specifically pleaded. *State* v. *Bradley*, 67 Vt. 465, 472, 32 A. 238.

13 V.S.A. §2302, upon which respondent relies, reads in part as follows:

"Determination of Degree.

* * * If such person is convicted on confession in open court, the court by examination of witnesses, shall determine the degree of the crime and give sentence accordingly."

■ The statute's application is to those instances where a respondent is charged with murder in the first degree and enters a plea of guilty. It is then the duty of the court before whom the plea is made, to determine the degree of the crime by examination of witnesses, so that the appropriate sentence may be given, depending upon its determination of whether the murder was in the first or second degree.

■ The crime to which respondent having pleaded being murder, and murder under our laws being divided into only two degrees, the only determination which the court can make under this section is whether such murder is of first or second degree. In the instant case the respondent having pleaded to second degree murder, the lesser of the two degrees, and the only degree of murder with which he was charged, there is no determination for the court to make under the statute cited.

*The entry is "Judgment Affirmed."*