# In re Robert E. Murray

[298 A.2d 835]

No. 80-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*John J. Boylan, Jr., Esq.,* Burlington, for Plaintiff.

*Patrick J. Leahy,* State's Attorney, for the State.

**Smith, J.** This is an appeal by the defendant from a denial of the Chittenden County Court of defendant's petition for post-conviction relief.

The defendant, Robert E. Murray, was indicted for murder in the first degree by a grand jury in Chittenden County on March 8, 1949. On November 23, 1949, the defendant entered a plea of guilty to murder in the second degree, and on the same day the Chittenden County Court sentenced him to life imprisonment at the State's Prison in Windsor. Some twenty-two years later, the defendant brought a petition for review pursuant to 13 V.S.A. § 7131.

The petition came on for hearing before the Chittenden County Court on March 10, 1972, and March 27, 1972. Findings of fact were made, and an order was entered in which the defendant's petition was denied.

■ · In our consideration of the briefed claims of error of the defendant we are mindful that a plea of guilty is an admission of guilt according to the law at the time it was accepted by the court. Except in rare circumstances, the validity of the conviction on such a plea is to be judged by the constitutional standards applicable at that time. *State* v. *Bartlett,* 128 Vt. 618, 625, 270 A.2d 168 (1970) ; *In re James J. Mahoney,* 128 Vt. 462, 266 A.2d 444 (1970).

The findings of fact made by the lower court, no exception to which has been briefed by the defendant, disclose the following factual situation significant to this decision. The defendant was arrested on August 2, 1949, and given a copy of the indictment. On August 8, 1949, the defendant requested that Consuelo N. Bailey, Attorney at Law, of Burlington, be appointed as his attorney, and on August 11, 1949, the court made such assignment.

On August 10, 1949, the then Attorney General of the State of Vermont and the State's Attorney for Chittenden County petitioned Superior Judge Raymond Miles that they believed a plea of insanity would be made by the defendant, and on the same day, Judge Miles ordered the defendant to be sent to the State Hospital at Waterbury for observation to learn the truth or falsity of such a purported plea. Upon the determination by Dr. Chittick, then Superintendent of the State Hospital, that the defendant was not insane, the defendant was returned to the Chittenden County Jail on November 21, 1949.

On November 23, 1949, the indictment was exhibited in open court. On November 23, 1949, the defendant was arraigned in the Chittenden County Court on the indictment, charging him with murder in the first degree. By that time the legal counsel appointed to defend him, in addition to Mrs. Bailey, included A. Pearley Feen, Esq., and Hilton A. Wick, Esq., all experienced and eminent counsel. All were present at the arraignment. It was at this time that the defendant entered a plea to murder in the second degree and was sentenced to life imprisonment by the court.

Defendant complains that he was not represented by an attorney at all stages of the proceedings. But the record before us, and the findings, make clear that the defendant was advised at all material times not only by the attorney of his choice, but with the added assistance of two other well qualified attorneys as well. The testimony of such counsel, at the post-conviction hearing below, was that they consulted with the defendant, with members of his family, as well as with each other on many occasions before the defendant entered his plea to murder second degree. The finding below was that the defendant was thoroughly and

competently advised by counsel from August 8, 1949, up to his plea and sentence on November 23, 1949.

■ The defendant has cited to us the case of *Miranda* v. *Arizona*, 384 U.S. 436 (1966), as authority for his claim that he did not receive the constitutional rights laid down in this case. But such constitutional standards were not in effect in 1949, and the case cited by the defendant was handed down nearly twenty years later and is not applicable in this instance. *State* v. *Bartlett, supra.*

■■ The defendant also asserts that he was prejudiced by the fact that he was not arraigned forthwith, at the time of his arrest, and that he was sent to the Vermont State Hospital without a hearing. The law, in 1949, did not provide for a hearing before an accused could be sent to the Vermont State Hospital. The law at that time, V.S. 1949, § 2460, provided that once the presiding judge was satisfied that a plea of insanity might be made by a defendant, the accused could be detained at the state hospital for observation. The defendant has not shown that he was prejudiced in any way by the claimed irregularities. The right to not plead to an information or indictment until twenty-four hours after being furnished a copy of the same is a waivable right. *In Re Clarence Robinson*, 125 Vt. 343, 346, 215 A.2d 525 (1965). A plea of guilty bars review of prior irregularities if such defects are subject to waiver. *In Re Dobson*, 125 Vt. 165, 166, 212 A.2d 620 (1965). No error is found by virtue of these claims of the defendant.

The defendant's next claim is double-barreled in effect. He asserts that he never entered a plea of any kind to the indictment that charged him with first degree murder, and that he was never charged or arraigned on the crime of second degree murder, which charge was not then and there pending against the defendant.

■■ V.S. 1947, § 3022, the law in effect at the time the defendant was charged with murder in the first degree (now 13 V.S.A. § 2310), provided that a defendant indicted for murder may be convicted of murder in either degree or of manslaughter. It is the evidence in the case, and not the

indictment, that determines the degree of conviction. *State v. Averill,* 85 Vt. 115, 131, 81 A. 461 (1911). If the defendant had pleaded not guilty, and subjected himself to trial by jury, that jury, depending upon the evidence in the case, could have found the defendant guilty of murder in either the first or second degree, or of voluntary or involuntary manslaughter. The charge of the greater offense includes the lesser offense as well.

At the time that the defendant was indicted for first degree murder in 1949, the punishment for conviction of murder in the first degree was death. The lower court, in its findings, found that the attorneys representing the defendant at that time, were apprehensive that, if the case was tried, a verdict of guilty of murder in the first degree might well be the action of the jury. This distinct possibility was discussed by the lawyers at length with the defendant as well as with members of his family. All agreed that if the State would agree to a plea of murder in the second degree on the part of the defendant, that such plea should be made by him. The Attorney General and the State's Attorney, having agreed to accept the second degree plea, the defendant so pleaded.

■ The findings and record make clear that the defendant was fully aware of the consequences of his plea, not only by reason of the advice of his counsel but by reason of his questioning by the court as to whether he had such knowledge. It was only after listening to full statements by the various counsel for the defendant, as well as the representatives of the State, that the court accepted such plea. The punishment for murder in the second degree was mandatorily life imprisonment at the time of the plea of the defendant. V.S. 1947 § 8242. The findings and the record make clear that the defendant voluntarily entered his plea of guilty to murder in the second degree, with full knowledge of its consequences.

The defendant has also claimed here that the court should have examined witnesses to determine the degree of the crime at the time he pleaded. 13 V.S.A. § 2302 states:

". . . If such person is convicted on confession in open court, the court, by examination of witnesses, shall de-

termine the degree of the crime and give sentence accordingly."

The statute was the same in 1949.

The purpose of this statute was to allow the court to determine if a person, who pleads guilty to murder, is guilty of first or second degree murder. If such person had pleaded to first degree murder, the court could hear testimony to determine whether such person was guilty of second degree murder, even if he had been indicted for first degree murder. At a time when the penalty for first degree murder was death, an accused who pleaded to murder in that degree could, by reason of such plea, virtually condemn himself to death, an act closely akin to suicide, if the statute did not provide that the degree of murder could only be determined by a court after the hearing of evidence. See *In Re Murphy*, 127 Vt. 198, 201, 243 A.2d 788 (1968).

But the defendant in this case pleaded to murder only in the second degree. There was no need for the court to take testimony to determine the degree of murder as would have been the case if the defendant had pleaded to first degree murder, or even to murder without specifying the degree.

In the post-conviction hearing, the defendant testified that at the time of trial he was aware that he would be found guilty of murder in the second degree, if he so pleaded, and that he was fully aware that the penalty on such a plea was life imprisonment. While *Boykin* v. *Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, was not decided until 1969, and, therefore, has no application to a case decided in 1949, it would seem that the requirement of *Boykin* that a judgment by confession can be entered voluntarily only by an accused with full understanding of the consequences of the plea, was complied with by the evidence placed in the record in the post-conviction proceedings. *Morgan* v. *State*, 287 A.2d 592 (Me. 1972).

The order of the court below that legal cause was not shown for vacating or setting aside the judgment or sen-

tence or discharging the defendant from custody, and denying his petition is affirmed.

*Judgment affirmed.*