## In re James M. Morse

[415 A.2d 232]

No. 114-79

Present: Barney, C.J., Billings and Hill, JJ., and Keyser, J. (Ret.), and Hayes, Superior Judge, Specially Assigned

Opinion Filed April 17, 1980

*James L. Morse,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Petitioner.

*Gregory W. McNaughton,* Washington County State's Attorney, and *Philip H. White,* Deputy State's Attorney, Montpelier, for Defendant.

Hill, J. On July 28, 1970, defendant Morse was sentenced to life imprisonment on his plea of guilty to the reduced charge of second degree murder. Subsequently, on January 15, 1979, after having served approximately nine years of his sentence, defendant moved to vacate that judgment and sentence, and prayed, *inter alia,* that counsel be appointed to assist him and that he be granted a hearing on the motion. 13 V.S.A. § 7131. The Washington Superior Court, without granting either of defendant's requests, denied the motion on the ground that the files and records of the case "conclusively show that the plaintiff is entitled to no relief and therefore no hearing on the motion is necessary." See 13 V.S.A. § 7133. It is from this order that the defendant appeals. We reverse, and remand.

The defendant alleges that the lower court erred in two respects: first, that it was error for the court to deny the motion without assigning counsel, and second, that since the motion sufficiently stated a valid ground for relief, which was not contradicted by the available records and files of the case, a hearing was required.

Vermont law provides that "[a] needy person who . . . is being detained under a conviction of a serious crime, is entitled . . . [t]o be represented by an attorney to the same extent as a person having his own counsel." 13 V.S.A. § 5231. Furthermore, a needy person entitled to such representation has a *right* to counsel at all stages of a criminal proceeding listed in 13 V.S.A. §§ 5232–5233, including the right to be represented at "[h]abeas corpus and other proceedings wherein the person is confined in a penal . . . institution in

this state and seeks release therefrom,"[1] and at any "post-conviction proceeding that the attorney or the needy person considers appropriate." 13 V.S.A. §§ 5232(2), 5233(a)(3).

The defendant claims that he is a needy person confined in a penal institute, and that he considers this post-conviction proceeding appropriate. The State does not deny these claims, but argues that 13 V.S.A. § 7133, the section on which the superior court relied in dismissing defendant's motion, is "especially designed to allow summary dismissal for just this type of frivolous claim." Based on its characterization of defendant's claim, the State reasons that since "no hearing was required, [defendant's] request for appointed counsel at the hearing was also properly denied."

The motion by the defendant, however, was not for an attorney to assist him at the hearing but for one "to assist him in this matter." The need for counsel to assist the defendant in preparing and presenting his petition is highlighted by the disadvantage the defendant suffered through the ruling below.

■■ Liberally viewing the allegations contained in defendant's motion, as we ordinarily do in pro se matters of the nature involved here, 13 V.S.A. § 7132; *In re Fuller*, 135 Vt. 575, 579, 381 A.2d 1056, 1059 (1977), defendant apparently makes two contentions. First, he argues that since chapter I, article 10, of the Vermont Constitution, as it read in 1969, required jury trials except in cases involving "prosecutions for offenses not punishable by death or imprisonment in the state prison," the acceptance of his plea of guilty was unconstitutional, in that it resulted in the waiver of a jury trial in a prosecution for an offense punishable in the state prison. Second, he asserts that his guilty plea was not knowingly and voluntarily made, because he was not advised of his rights by the sentencing court. With respect to defendant's first claim, the trial

---

[1] Although at the time of his motion defendant was an inmate at the federal prison in Marion, Illinois, he is nevertheless entitled to representation under § 5232(2). Passage of § 5232 predated the Vermont practice of transferring inmates to the federal prison system, 28 V.S.A. § 706, and there is no reason to suppose that the legislature meant to cut off the rights of indigent inmates by transferring them out of state.

court correctly held that chapter I, article 10, was not applicable, since it addresses the situation where a defendant waives a jury trial in favor of a bench trial, and not the situation where he enters a plea of guilty. With regard to defendant's second contention, the trial court found that the issue was not raised by the motion, and therefore assumed, without ever examining the transcript of the original sentencing hearing, that defendant must have waived his constitutional rights. The defendant, on the other hand, claims that he *alleged* in his petition, however inartfully, that the sentencing court had violated Rule 11(c) of the Rules of Criminal Procedure.[2] An attorney appointed by the court to review and assist the petitioner in preparing his motion presumably would have more clearly alleged this claim.

Our law is clear that when a needy person is entitled to the appointment of an attorney, that appointment must be made. The failure of the court to appoint counsel to assist the defendant before any ruling was made on the motion was error of such prejudice that the ruling below must be reversed, and the matter remanded for the appointment of counsel to assist defendant in the proper preparation of his motion. If, after conferring with counsel and reviewing the record of the original proceeding, it appears that defendant has a meritorious claim, he may proceed anew under 13 V.S.A. §§ 7131–7137.

*Reversed and remanded.*

---

[2] Although Rule 11(c) had not been promulgated at the time defendant entered his plea of not guilty, and therefore was not applicable by its terms to the present case, *In re Murray*, 131 Vt. 4, 7, 298 A.2d 835, 837 (1972), that rule merely codified those procedures that were constitutionally required by the case law then in effect regarding the acceptance of guilty pleas. *Boykin v. Alabama*, 395 U.S. 238 (1969) ; *In re Baldwin*, 127 Vt. 473, 252 A.2d 539 (1969).