## State of Vermont v. David E. Myott

[436 A.2d 781]

No. 452-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 25, 1981

*John J. Easton, Jr.,* Attorney General, *Edwin L. Hobson, Jr.,* Assistant Attorney General, and *Richard Winslow Foster,* Law Clerk (On the Brief), Montpelier, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *George Spangler,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Barney, C.J.** This case comes before the Court on appeal from the Vermont District Court, Unit No. 3, Lamoille Circuit, where the defendant pled guilty and was convicted of two counts of breaking and entering and two counts of petty larceny. The guilty pleas and convictions were expressly conditioned on his obtaining review in this Court of the district court's denial of his motion to suppress evidence.

Both the appellant, through his counsel the Defender General, and the appellee State of Vermont, through the Attorney General, argue in their briefs for the adoption, by decision of this Court, of the practice of conditional plea bargaining. They maintain that a conditional plea of guilty will preserve for the defendant the right to appeal the denial of his motion to suppress evidence, while avoiding the costs of trial, where trial would serve no useful purpose because of the inevitability of appeal. It is to be noted that this objective is already met in most cases by V.R.A.P. 5, which provides for review of legal issues which may be dispositive of litigation in progress.

Although we do not question the inherent constitutionality of conditional plea bargaining, *Lefkowitz* v. *Newsome*, 420 U.S. 283 (1975), we decline to adopt its practice in the courts of Vermont by our decision here. The proposed procedure partakes of declaratory judgment and advisory opinion without benefit of enactment or supporting rule, and as a significant deviation from approved practice, must be rejected as unauthorized. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 64 A.2d 169 (1949).

It is the law of this state that a plea of guilty operates as a waiver of previous procedural shortcomings, insofar as such defects are subject to waiver. *In re Murray*, 131 Vt. 4, 7, 298 A.2d 835, 837 (1972); *In re Dobson*, 125 Vt. 165, 166, 212 A.2d 620, 621 (1965). As a result, procedures for plea agreement are carefully outlined in the Rules of Criminal Procedure, V.R.Cr.P. 11, having first been closely examined and approved by the criminal rules advisory committee, the Vermont bar, this Court and the legislature. To bypass this established practice, in a situation where it is not constitutionally demanded, is unjustified. If a change of this kind is to take place, it must have adequate study and full evaluation.

Fairness to this defendant requires that this cause be remanded in order that he may plead anew in accordance with accepted procedures.

*Judgment vacated. Remanded.*