State of Vermont v. Robert Gene Thomas

State of Vermont v. Rudolph Kent Ouimette

State of Vermont v. William John Thomas

[438 A.2d 400]

Nos. 439-80, 440-80 and 441-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*David G. Miller,* Franklin County State's Attorney, and *Marianne Lipscombe,* Deputy State's Attorney, St. Albans, for Plaintiff.

*John J. Easton, Jr.,* Attorney General, and *John H. Chase,* Special Assistant Attorney General, Montpelier, for amicus curiae Water Resources Board.

Law Offices of *George E. Spear, II,* Swanton, for amici curiae landowners Cabot and Clark.

*Sheehey & Brue,* Burlington, for Thomas.

*Farrar & Counos,* St. Albans, for Ouimette.

**Barney, C.J.** This is an interlocutory appeal granted pursuant to V.R.A.P. 5(b) to determine controlling questions of law embodied in the defendants' request to charge. The request concerned the limits of ownership of lake shore land as it meets the water's edge on Lake Champlain. Such littoral boundaries require recognition of the fluctuations in water level of Lake Champlain, and the public's right to use the waters overlying the land between the ordinary low and high water levels, for recreational purposes.

This dispute grows out of a duck hunting expedition which took place October 3, 1979, in which the three defendants went by airboat upon the waters of Lake Champlain and in particular an arm of the lake called Charcoal Creek. After proceeding into a marsh area beyond "no hunting" signs which had been posted by the littoral proprietors, the three men were arrested and subsequently charged by information with violations of 13 V.S.A. § 3705(a)(1) (unlawful trespass) and 10 V.S.A. § 5204(a) (poaching).

Trial commenced on December 3, 1980, with the three cases consolidated. Each of the defendants had pled not guilty to both of the charges against him. The thrust of their argument was that the littoral owners on Lake Champlain own only to the water's edge, but even if they owned to a point beyond the water's edge, the public has the right to use the overlying waters for recreational purposes.

Prior to the close of defendants' case, and prior to completion of the State's cross-examination of defense witnesses or presentation of its own case in rebuttal, the defendants sought permission to take this interlocutory appeal from the lower court's denial of their requested jury charge. In order to meet the requirement of Rule 5(b) that the appeal might materially advance the termination of the litigation, each of the defendants agreed to change his not guilty plea to a conditional plea of guilty, subject to a determination by this Court that the public has no right to use the overlying waters of Lake Champlain between the ordinary low and high water levels. The state's attorney vigorously opposed this procedure.

Our recent decision in *State* v. *Myott,* 140 Vt. 267, 436 A.2d 781 (1981), controls our disposition of this case.

In *Myott* we declined to adopt the practice of conditional plea bargaining in the courts of Vermont. We must reiterate here the aversion we expressed there to modifying established procedures by judicial decision, without benefit of advice from the rules committee, the Vermont bar, or the legislature.

With certification dependent upon an impermissible plea to fulfill the requirement of advancing the termination of the litigation, the interlocutory appeal must be dismissed as improvidently granted. The conditional pleas, being improper, may be withdrawn as a matter of course, and the cause proceed to disposition in the ordinary course.

*Interlocutory appeal dismissed and cause remanded.*