### STATE of Vermont v. James B. PITNER

[582 A.2d 163]

No. 88-495

September 21, 1990. Appellant was convicted of DWI-1st in September of 1988 and sentenced to a $250 fine. That sentence, as well as any suspension of defendant's vehicle operator's license,

has been stayed pending appeal. It is impossible for us to tell what issues will ultimately be raised on appeal. The docketing statement contains a list of issues typically raised in DWI appeals, including admission of blood and breath tests, admission of statements by defendant to the police, jury instructions and the sufficiency of the evidence.

This case is unusual because of the extensive delays initially resolving appellant's application for leave to proceed in forma pauperis. Henry Hinton, Esq., appellate defender, entered an appearance on July 25, 1989. The transcript was deemed ordered in mid-July 1989 and the record was completed as of March 19, 1990.

Appellant did not file a brief in a timely fashion, and on July 5 the Court ordered the brief to be filed by July 20, 1990 or the case would be subject to dismissal. On July 10, 1990 appellant moved for an extension of time to September 10, 1990, and on July 18, 1990 that motion was granted in part, giving appellant until August 20, 1990 to file his brief or be subject to dismissal. The brief was not filed by August 20, 1990, nor was any motion for a further extension filed, and the appeal was accordingly dismissed for lack of progress on August 31, 1990. On September 4, 1990, appellant filed to reinstate the appeal and sought a further extension of time to file the brief. On September 7, 1990, the Court granted appellant's motion to reinstate the appeal, but required the brief to be filed on September 10, and warned that if appellee should choose to submit this matter on the briefs, appellant would be precluded from oral argument. On September 10, appellant filed the instant motion for an extension of time to October 30, 1990, to file the brief.

We granted a hearing on the motion, and William Nelson, Esq., also an appellate defender, appeared for appellant. He indicated that this matter had relatively low priority in the appellate caseload of the Defender General's office, because the defendant was not incarcerated and the case did not involve juveniles. He could give no assurance that the brief would in fact be completed by the date requested in the extension. As we understand it, the ability to complete the brief in this case depends upon the number of higher priority matters that must be handled between now and the end of October.

The Defender General thus asks this Court to choose between two unacceptable alternatives: on the one hand to abdicate this Court's responsibility to uphold and enforce its rules, allowing extraordinary delay in a pending appeal, or on the other hand to risk the violation of a defendant's right to effective assistance of counsel. We decline to accept that those are the only choices available to us.

Title 13, chapter 163 of the Vermont Statutes Annotated provides for the Office of Defender General and that office's representation of indigent defendants. If the public defender assigned to a particular court is unable to represent a particular person, 13 V.S.A. § 5272, "the court concerned shall assign an attorney to represent the person."

In this case, the public defenders assigned to the defendant are actually all the appellate defenders who work in the office of the Defender General. They are scheduled together so that the time of the completion of the brief does not depend on which one is working on a particular case. Further, no additional lawyers are available in the Office of Defender General to handle appeals.

The delay presently requested by the appellate defender is unacceptable, particularly in light of the inordinate delays to date and the lack of assurance that appellant's brief would be completed by the date requested. Accordingly, we hereby find that the appellate defenders and the Office of Defender General are unable to represent appel-

lant James B. Pitner in this matter, and discharge them from that representation. The Court is willing to vacate this finding and order if the appellate defenders and the Office of Defender General file the appellant's brief in this matter on or before October 5, 1990, and notify this Court on or before September 27, 1990 that they will do so.

We hereby refer this matter to the Assigned Counsel Coordinator for appointment of assigned counsel to this matter on or before September 27, 1990. Assigned counsel shall be compensated as provided by 13 V.S.A. § 5205. The deadline for filing appellant's brief by assigned counsel shall be 30 days from the date of assignment of counsel.