## Melvina FLETCHER v. John GORCZYK

[624 A.2d 1132]

No. 92-367

December 3, 1992. Plaintiff Melvina Fletcher, an inmate incarcerated at the Chittenden Community Correctional Center, appeals a superior court decision not to appoint counsel to represent her in a habeas corpus proceeding. We reverse and remand.

Plaintiff was convicted by jury for aggravated assault and two counts of simple assault and was sentenced to serve five to fifteen years in November 1991. On June 17, 1992, plaintiff, representing herself, filed a writ of habeas corpus in the Chittenden Superior Court alleging violations of her statutory and constitutional rights. She claims that, following an argument she had with another inmate, guards used

excessive force against her, failed to investigate the incident, improperly segregated her, and added points to her record affecting her status as a prisoner. In her petition, she requested that the superior court assign counsel to represent her and permit counsel to amend her petition. On June 18, 1992, the Office of the Defender General informed the court that it could not represent plaintiff due to its "case load control policy." As a result of the inability of the Defender General to handle the matter, the court denied plaintiff's motion to appoint counsel. Plaintiff appeals this decision.

Under 13 V.S.A. § 5231, "[a] needy person who . . . is being detained under a conviction of a serious crime, is entitled . . . [t]o be represented by an attorney to the same extent as a person having his [or her] own counsel." Further, a needy person is entitled to such representation at all stages of those proceedings listed in 13 V.S.A. §§ 5232–5233, including "[h]abeas corpus and other proceedings wherein the person is confined in a penal or mental institution in this state and seeks release therefrom." 13 V.S.A. § 5232(2). If a person under conviction of a serious crime does not have an attorney and does not waive the right to have an attorney, the court must notify the appropriate public defender "upon commencement of any later judicial proceeding relating to the same matter." 13 V.S.A. § 5234(b). "If the public defender assigned to the court's jurisdiction is unable to represent the person, the court concerned shall assign an attorney to represent the person." 13 V.S.A. § 5272.

In *In re Morse*, 138 Vt. 327, 415 A.2d 232 (1980), the plaintiff moved to vacate the original judgment and sentence, after serving nine years of a life sentence for second-degree murder, and requested that counsel be appointed to assist him. The superior court denied the motion on the grounds that the record conclusively showed that the plaintiff was not entitled to relief, and therefore, no hearing was required. On appeal, this Court reversed, reasoning that it was improper to deny the motion without providing counsel to assist in preparing and presenting the petition. *Id.* at 330, 415 A.2d at 233. The Court noted: "An attorney appointed by the court to review and assist the petitioner in preparing his motion presumably would have more clearly alleged this claim." *Id.* The Court concluded that "when a needy person is entitled to the appointment of an attorney, that appointment must be made." *Id.* Similarly, in *State v. Pitner*, 155 Vt. 647, 582 A.2d 163 (1990), the Court held that the court must assign an attorney to represent the defendant where the defendant was entitled to representation and the Defender General's Office was unable to represent him due to caseload priorities. *Id.* at 648–49, 582 A.2d at 164–65.

We conclude that, if plaintiff is indeed needy, she is entitled to an appointed attorney. Plaintiff is being detained under conviction of a serious crime, and thus, is entitled to representation in this habeas corpus proceeding. 13 V.S.A. §§ 5231–5232. As in *Morse*, plaintiff has alleged facts sufficient to indicate that the court cannot properly rule on the petition until assigned counsel is given the opportunity to amend the petition and present her case. If the public defender's office that would normally be assigned to handle this case is unable to represent plaintiff due to its caseload, the court must appoint an attorney to represent her. 13 V.S.A. § 5272; *Pitner*, 155 Vt. at 648–49, 582 A.2d at 164. Appointed counsel shall be compensated from funds appropriated to the Defender General's Office, as prescribed by 13 V.S.A. § 5272.

*Reversed and remanded for appointment of counsel if the court determines that plaintiff is a needy person.*