In Re:  Eric Williams, No. S1658-04 CnC  (Norton, J., June 2, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                              SUPERIOR COURT
Chittenden County, ss.:                                    Docket No. S1658-04 CnC


IN RE ERIC WILLIAMS


ENTRY

This matter concerns a postconviction relief proceeding. Petitioner Eric Williams's counsel, Mark E. Furlan, has filed a motion to withdraw, stating that Williams has not raised a meritorious claim for postconviction relief and Attorney Furlan's review of the file has revealed no other colorable claims. Williams, in a pro se submission, and the State both argue that the court should require Furlan to file an Anders brief. See Anders v. California, 386 U.S. 738, 744–45 (1967).

Under V.R.C.P. 79.1(f), "[w]hen an attorney has entered an appearance the attorney shall remain as counsel until the attorney has been granted leave to withdraw by the court." As explained in the Reporter's Notes to the analogous Vermont Rule of Criminal Procedure,

> [b]oth the civil rule and [V.R.Cr.P. 44.2(c)] authorize the court to impose conditions under which the withdrawal will be allowed. The requirement of good cause and the ability to set terms are designed to reduce the likelihood that defendants will find themselves without counsel on the eve of trial, and also to prevent last-minute withdrawals from interfering with the scheduling of cases for trial.

Reporter's Notes, V.R.Cr.P. 44.2.

Here, both Williams and the State argue that the court should impose an Anders brief requirement before allowing Furlan to withdraw because the Vermont Public

Defender Act confers a right to indigent prisoners to counsel in postconviction relief proceedings. The Act provides that a

> needy person who is entitled to be represented by an attorney . . . is entitled: To be represented in any . . . postconviction proceeding which may have more than a minimal effect on the length or conditions of detention where the attorney considers the claims, defenses, and other legal contentions to be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

13 V.S.A. § 5233(a)(3).

The Act does not expressly require an Anders brief, and as amended in 2004, it appears to confer more discretion on counsel to determine whether a petition is "warranted by existing law" than did the original Act. The original Act, enacted in 1971, provided that an indigent prisoner had a right to counsel in "post-conviction proceedings that the attorney or the needy person considers appropriate." 1971, No. 161 (Adj. Sess.), § 6 (emphasis added). The amended language removes "needy person" and "appropriate" and replaces these portions with a requirement that only the attorney need consider whether the petition is warranted. 2003, No. 157 (Adj. Sess.), § 10.

Nevertheless, the Legislature passed this amendment against a background wherein the Vermont Supreme Court had interpreted the Act to confer upon prisoners in postconviction relief proceedings essentially the same rights that criminal defendants had to representation under the U.S. and Vermont constitutions. See, e.g., Fletcher v. Gorczyk, 159 Vt. 631, 632 (1992) (mem.) (explaining full rights to counsel in habeas corpus proceeding); In re Morse, 138 Vt. 327, 330 (1980) (explaining rights to appointment of counsel in postconviction relief proceeding).

Although the Court had not expressly held that an Anders requirement was necessary, such a rule was reasonable under the Court's jurisprudence in this area. Indeed, only weeks after the Legislature passed the amendment, the Court held that an attorney's statement that a petition for postconviction relief lacked merit was inadequate to satisfy the petitioner's right to counsel under the Act, where the court granted the motion and refused to appoint new counsel. In re Gould, 2004 VT 46, ¶¶ 8–9, 13. The Court also instructed the Criminal Rules Committee to adopt procedures by which trial

2

courts should allow withdrawal of counsel in postconviction relief proceedings,[1] noting that several other states have imposed <u>Anders</u> brief requirements upon counsel who wish to withdraw because a petition lacks merit. <u>Id</u>., ¶ 25 (citing <u>Tazruk v. State</u>, 67 P.3d 687, 693–94 (Alaska Ct. App. 2003) (Coats, C.J., concurring); <u>Johnson v. State</u>, 364 S.E.2d 201, 201 (S.C. 1988)); cf. <u>Commonwealth v. Finley</u>, 550 A.2d 213, 215 (Pa. Super. Ct. 1988) (adopting "no merit" letter procedure by which post-conviction relief counsel may withdraw); <u>Shatney v. State</u>, 755 A.2d 130, 135 (R.I. 2000) (per curiam) (same).

The court presumes that the Legislature enacts legislation with the full knowledge of the jurisprudence on the particular topic. See <u>Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.</u>, 149 Vt. 365, 370 (1988) ("[A] statutory change in the common law will be given effect only upon a clear showing of legislative intent to change the common law."); 2A C. Dallas Sands, Statutes and Statutory Construction § 50.01, at 268 (3d ed. rev. 1973) ("[A]ll legislation must be interpreted in the light of the common law and the scheme of jurisprudence existing at the time of its enactment."). The court therefore presumes that the Legislature would have been aware that something akin to an <u>Anders</u> brief was necessary under Vermont law at the time that it amended the Act in 2004. If the Legislature wished to do away with such a requirement, it would have done so explicitly.

Instead, the Legislature merely took the petitioner out of the statutory language and included language stating that the attorney must find the petition frivolous. The court does not believe that this change conferred discretion upon appointed counsel to withdraw at will. Rather, counsel must still provide some basis by which the court can determine that he or she appropriately found the petition lacking in merit.

The court is further guided by recent, unpublished decisions by the Vermont Supreme Court. The Court has instructed that such decisions are not precedent. V.R.A.P. 33.1(c); <u>Town of Calais v. County Rd. Comm'rs</u>, 173 Vt. 620, 625 (2002) (mem.) (Morse, J., dissenting); see also <u>In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.</u>, 172 Vt. 14, 21 n.2 (2001) (holding that unpublished decision "is of limited precedential value"). Nevertheless, these unpublished decisions at least provide some insight into the Court's inclinations with regard to a prisoner's right to counsel in a postconviction relief proceeding. See Reporter's Notes—1999 Amendment, V.R.A.P. 33.1 ("Unpublished

---

[1] Unfortunately, such rules have not yet been promulgated.

opinions of the three-justice panels have some weight as indicative of the views of a majority of the Court on the issues considered.").

In In re Moreno, No. 2004-120 (Vt. Nov. 10, 2004) (unpublished mem.), the Court reinstated a postconviction relief petition and remanded for further proceedings. The trial court had granted the State's summary judgment motion after petitioner failed to respond to the motion. The petitioner's counsel had noted in a status conference that he had found nothing in the criminal trial transcripts to indicate that the petitioner had a viable claim for ineffective assistance of counsel. The Court held that the petitioner was effectively deprived of counsel in the proceeding. Id., slip op. at 2. The Court went on to state that the attorney's

> oral statement at a status conference that he could not find a basis for the petition was insufficient for the superior court to assume that the petition was frivolous. At a minimum, [the attorney] should have submitted an affidavit (1) specifying petitioner's claims; (2) setting forth any law or argument that could conceivably support those claims; and (3) stating that counsel did not consider the claims to be warranted by existing law or the establishment of new law.

Id. at 3 (citing Anders v. California, 386 U.S. 738, 744–45 (1967)).

Similarly, in a response to an attorney's motion to withdraw in a pending post-conviction relief appeal, Associate Justice Dooley stated that

> [t]o properly assess counsel's submission, this Court orders counsel to supplement his request with an affidavit. The affidavit should contain: (1) a specification of petitioner's claims, (2) law or argument that arguably support the claims; and (3) a statement that counsel does not consider petitioner's claims to be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Wool v. State, Docket No. 2004-323, slip op. at 1 (Vt. Sept. 9, 2004) (unpublished mem.). The attorney in Wool had merely stated in his withdrawal motion that "there is no non-frivolous basis to support petitioner's claim." Id.

Here, the court is faced with a withdrawal motion that merely states that

4

"petitioner has not raised a meritorious claim for post-conviction relief, and Attorney Furlan's review of the case file has not revealed any other colorable claims." The court cannot, from this statement alone, assess whether this case is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." 13 V.S.A. § 5233(a)(3).

Accordingly, in order to grant leave for Attorney Furlan to withdraw on the ground that the petitioner lacks a colorable claim, the court requires an affidavit specifying (1) petitioner's claims, (2) law or argument that could conceivably support such claims, and (3) a statement that counsel does not consider petitioner's claims to be warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

ORDER

For the foregoing reasons, Attorney Furlan's motion to withdraw is DENIED.

Dated at Burlington, Vermont, June 2, 2005.

_____/s/_____
Richard W. Norton    Judge

5