**Nicholas CAPPETTA, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

No. 26679.

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1969.

Nicholas Cappetta, pro se.

Earl Faircloth, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

This is a pro se appeal by a Florida state prisoner from the denial of his petition for a writ of habeas corpus. The petition attacked a judgment of conviction and the five year sentence imposed thereon in the Criminal Court of Record of Dade County, Florida, for breaking and entering, and grand larceny.

The state responded by contesting the jurisdiction of the federal habeas court on the ground that the sentence under attack had expired prior to the filing of the petition. The District Court dismissed the petition on this ground on April 22, 1968, citing Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed. 2d 968. On May 20, 1968, the Supreme Court rendered its opinion in Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. The District Court then reconsidered its order of April 22, 1968 and again denied relief. The court was of the view that Carafas overruled only that part of Parker v. Ellis which had held that subsequent release, i. e., after having filed the petition for the writ while in custody, mooted the petition. Since there was no petition here until after the expiration of the sentence under attack, the court held that *Carafas* had no effect on its earlier order. The sole issue on this appeal is the question of jurisdiction under the circumstances.

Appellant is in custody in Florida under another sentence and was at the time the petition in question was filed. It

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See

Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165, Fn. 1 and Appendix thereto.

appears that he had been convicted and sentenced on an unrelated offense by the Criminal Court of Record of Hillsborough County, Florida. It is alleged that the Hillsborough sentence was made to commence upon expiration of the Dade County sentence. Thus, although the Dade conviction which is here being attacked has expired, the appellant is still in custody under the Hillsborough conviction.

It is appellant's claim that his Hillsborough sentence would date back to its original imposition in the event the Dade County sentence is set aside. He urges that he would be entitled to full credit on the Hillsborough sentence for time served on the Dade sentence with the result of immediate release.

The *Carafas* case speaks directly to two situations. The first is the prisoner who files his petition while in custody on one charge and whose term of imprisonment expires and who is released before the petition is finally adjudicated. *Carafas* holds that such a petition does not become moot merely because the person is no longer in custody if he was in custody when the petition was filed. The second situation is the prisoner whose term of imprisonment expires and who is released before he ever files a habeas petition. *Carafas* expressly states: "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed * * *". The instant case presents a situation somewhat different in that the petition was filed while the petitioner was "in custody" but for another offense and on a separate sentence which is not being attacked.

The question of whether "in custody" in 28 U.S.C.A. § 2241(c) (3) [2] means "in custody for the offense being attacked" would seem to have been answered in the negative in cases involving recidivist statutes. See Stubblefield v. Beto, 5 Cir., 1968, 399 F.2d 424; United States ex rel. Durocher v. LaValle, 2 Cir., 1964, 330 F.2d 303. In these cases, prisoners incarcerated under recidivist statutes were allowed to contest convictions, the sentences for which had already been satisfied. The reason that such attacks were allowed on prior convictions with sentences already satisfied was that the earlier conviction bore some positive relation to their present confinement to the extent that were the prior convictions invalidated, the petitioner's present confinement would be shortened or terminated. Cf. also Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, 492, describing habeas corpus as a method whereby a prisoner may require his jailer to justify the detention.

Appellant is essentially contesting his detention here. He maintains that his prior sentence is so connected to his present confinement as to warrant the attack. This is his argument that a successful attack on the Dade sentence will result in his release under the Hillsborough sentence, presumably though unstated, because of some Florida law allowing credit under the circumstances or because of the wording of the Hillsborough sentence. That sentence is not a part of the record and was apparently not before the District Court. Appellant cites no Florida or other authority providing such a form of credit. The state does not address the point.

We hold that the court has jurisdiction under the federal habeas statute, 28 U.S.C.A. § 2241, to determine whether the relationship, as claimed, between the present confinement and the Dade County judgment is such as would result in the appellant receiving credit in some degree on the Hillsborough sentence if he should prevail on the merits of his petition. The answer to this question will determine whether the court should then proceed to the merits of the petition.

Reversed and remanded for further proceedings not inconsistent herewith.

2. 28 U.S.C.A. § 2241:
   (c) The writ of habeas corpus shall not extend to a prisoner unless—
   (3) He is in custody in violation of the Constitution or laws or treaties of the United States;

# APPENDIX

## RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS
### OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

### RULE 20
### FRIVOLOUS AND UNMERITORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.