Stephen Richard DIEHL, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 28495.

United States Court of Appeals, Fifth Circuit.

March 20, 1970.

Stephen Richard Diehl, in pro. per.

Earl Faircloth, Atty. Gen. of Florida, Tallahassee, Fla., Arden M. Siegendorf, Harold Mendelow, Miami, Fla., for appellee.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

■ It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), the appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, 412 F.2d 981 (5th Cir. 1969).

We affirm the judgment of the district court, for the reasons well stated in its unpublished final order, which is attached as an appendix to this opinion.

Affirmed.

APPENDIX

ORDER OF DISMISSAL

This is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently in state custody serving a five year sentence for larceny, which sentence is the maximum allowed by statute for that crime. In his petition he seeks to expunge two prior convictions.

In November 1958 petitioner was sentenced to one year in the state penitentiary after pleading guilty to larceny of an automobile. In April 1962 a judge sitting without a jury found him guilty of breaking and entering and sentenced him to one year in the state penitentiary. As to the first of these convictions (for larceny of an automobile) petitioner alleges that the State violated his right under F.S.A. § 932.38, which requires notice to parents or guardians of unmarried minors charged with a crime. As to the second conviction (for breaking and entering) petitioner claims he was denied an attorney in violation of his rights under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and the cases making *Gideon* retroactive, see, e. g., United States ex

rel. Durocher v. LaVallee, 330 F.2d 303, 310–312 (2d Cir. 1964), cert. den., LaVallee v. Durocher, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048.

■ I do not reach these claims, however. I find there is no jurisdiction to attack either of these sentences as they have already been served. Neither sentence is within the exceptions of Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), where the sentence had expired by the time the court considered the habeas petition but the petition had been filed before the expiration of the sentence, or Cappetta v. Wainwright, 406 F.2d 1238 (5th Cir. 1969), which said that a district court has jurisdiction to pass on a prior conviction, even though the sentence has been completely served when the petition for habeas corpus is filed, if there is a definite relationship between the prior conviction and sentence and the sentence currently being served.

It is true that the trial court, before sentencing the petitioner to the sentence he is now serving, noted that petitioner had five prior convictions. Any relationship between the two sentences under attack, however, and the one currently being served is speculative and remote. It is not the kind of relationship which the Fifth Circuit envisioned in *Cappetta*. There, the petitioner had been convicted and sentenced on an unrelated offense in Hillsborough County, Florida. The Hillsborough sentence was made to commence upon the expiration of a prior Dade County sentence. After expiration of the Dade sentence, and while serving the Hillsborough sentence, petitioner attacked the Dade sentence. He claimed there was jurisdiction because the Hillsborough sentence would date back to its original imposition in the event the Dade sentence was set aside. The Court agreed, but its holding was narrow:

"We hold that the court has jurisdiction under the federal habeas statute * * * to determine whether the relationship, as claimed, between the present confinement and the Dade

County judgment is such as would result in the appellant receiving credit in some degree on the Hillsborough sentence if he should prevail on the merits of his petition." *Id.* at 1239.

The two sentences under attack in the instant petition have long since expired and there is no way petitioner could receive any credit even if they were set aside. If these were the only two prior convictions I might be inclined to hold that there was a relation between them and the current maximum statutory sentence in light of the sentencing judge's comment that petitioner had a record of prior convictions. There are three other convictions in petitioner's past, however, and other unknown factors which influenced the sentencing judge when he imposed the sentence petitioner is now serving.

I find that there is no relationship between the two sentences under attack and the one currently being served which will sustain jurisdiction to hear the attack. Accordingly, it is

Ordered and adjudged that the petition for habeas corpus be and the same hereby is finally dismissed for lack of jurisdiction.