Billy Wayne SINCLAIR,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana
State Penitentiary,
Respondent-Appellee.

No. 78–2003.

United States Court of Appeals,
Fifth Circuit.

July 27, 1979.

Carl J. Schumacher, Jr., New Orleans, La. (Court-appointed), for petitioner-appellant.

Steven A. Hansen, Lee Ineichen, Jr., Asst. Dist. Attys., Monroe, La., for respondent-appellee.

Before MORGAN, FAY and RUBIN, Circuit Judges.

PER CURIAM.

Billy Wayne Sinclair, a Louisiana prisoner, appeals from the district court's denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C.A. § 2254. Appellant is currently serving a 25-year sentence imposed on November 4, 1966, for armed robbery and a life sentence imposed on March 2, 1967, for a murder committed during the armed robbery. In his petition appellant seeks to attack and have expunged from the record a prior unrelated conviction which, he claims, has present adverse collateral consequences on the sentences he is now serving.[1] We affirm the district court's denial of appellant's petition.

I.

In 1963 appellant, upon entry of a guilty plea, was convicted by a Louisiana court of carnal knowledge of a juvenile. Appellant, then 18, received a three-year sentence for this conviction which he served to completion. At no time during this period of incarceration did appellant take any legal action challenging the carnal knowledge conviction. In October 1973, however, appellant attacked his 1963 conviction in state court on the ground that he was not represented by counsel nor advised of his right to

---

1. At no point has appellant contested the sentences he is presently serving.

counsel at any stage of that proceeding. After exhausting his state remedies, appellant filed a petition for federal habeas corpus contending that the 1963 conviction, which he claimed was unconstitutional under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), prevented him from obtaining certain privileges as a prison trusty and possible consideration by the state Board of Pardons.

The district court denied relief on the ground that, as a matter of law, the claim was moot and a viable controversy was not presented. Appellant filed notice of appeal but did not pursue his appeal in this court.

In January 1978 appellant again sought federal habeas relief from the 1963 conviction. In this second petition appellant alleged that not until July 1977, when the Board of Pardons cited his past criminal record as one of the reasons for denying his request for clemency, did he appreciate the adverse collateral consequences of his 1963 conviction. The district court, however, denied relief without an evidentiary hearing on the basis of successive habeas petitions under 28 U.S.C.A. § 2244(b). This court issued a certificate of probable cause and granted appellant leave to appeal in forma pauperis.

## II.

■ It is clear that a successive habeas application may be dismissed if the same ground asserted therein was determined adversely to the applicant in a prior application, the prior determination was on the merits, and the ends of justice would not be served by reaching the merits of the subsequent application. *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 10

L.Ed.2d 148 (1963); 28 U.S.C.A. § 2244(b); Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.[2] In this case, appellant's second petition for habeas corpus contains no new grounds for relief not presented in the prior application. Furthermore, the prior determination should be considered "on the merits" since the court assumed the facts stated in the petition but ruled that, as a matter of law, a petitioner who delays in filing his petition until after his release from custody has no possible basis for challenging his previous incarceration. Finally, for reasons discussed below, we do not believe the court violated the "ends of justice" by declining to reach the merits of the subsequent application. Therefore, because all the *Sanders* criteria are satisfied in this case, the district court properly accorded "controlling weight" to the denial of the prior application for habeas relief. *Sanders v. United States*, 373 U.S. at 15, 83 S.Ct. 1068.

## III.

■ When the district court denied appellant's first petition for habeas relief it apparently mistakenly assumed that all grounds for attacking a conviction are necessarily mooted upon the prisoner's completion of his sentence.[3] However, as the Supreme Court recognized in *Carafas v. LaValle*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), release from custody does not moot a case where the prisoner continues to suffer "collateral consequences" as a result of his conviction. As the Court noted, the "substantial issue" in such cases is not mootness but whether appellant has satisfied the "in custody" re-

2. *See generally*, 17 C. Wright & A. Miller, Federal Practice and Procedure § 4267 (1978); Williamson, Federal Habeas Corpus: Limitations on Successive Applications from the Same Prisoner, 15 Wm. & Mary L.Rev. 265 (1973).

3. All of the cases cited by the district court involve petitioners who filed their petitions before they had completely served the sentence under attack. *Carafas v. LaValle*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *Glazier v. Hackel*, 440 F.2d 592

(9th Cir. 1971); and *Williams v. Peyton*, 372 F.2d 216 (4th Cir. 1967). Although the rules established in these cases do not encompass the present situation, subsequent case law recognizes that under certain circumstances habeas relief may be granted to a petitioner who files his petition *after* he has completed his sentence. *Cappetta v. Wainwright*, 406 F.2d 1238 (5th Cir.), *cert. denied*, 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969); *see also, Tucker v. Peyton*, 357 F.2d 115 (4th Cir. 1966).

quirement necessary to establish federal habeas corpus jurisdiction. Although the sentence had expired in *Carafas* before the district court considered the habeas petition, the Court nevertheless held that jurisdiction was present where the petitioner was "in custody" when the petition was filed. *See Matthews v. Florida*, 463 F.2d 679 (5th Cir. 1972).

■ In this case, unlike *Carafas*, the appellant filed his petition long after the completion of his sentence under the conviction which he seeks to attack. As this court recognized in *Cappetta v. Wainwright*, 406 F.2d 1238, 1239 (5th Cir.), *cert. denied*, 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969), however, "in custody" does not necessarily mean "in custody for the offense being attacked." Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration.

[4] We agree with the appellee that the "positive relation" between prior conviction and present confinement envisioned in *Cappetta* is missing here. Although the Board of Pardons sent appellant a form letter citing his past criminal record as one reason for denying him clemency, the Board also cited appellant's original offense, his poor prison conduct, and opposition from law enforcement personnel as reasons for the denial. We believe that, under these circumstances, the relationship between the 1963 sentence and appellant's present confinement is "speculative and remote." *Diehl v. Wainwright*, 423 F.2d 1108, 1109 (5th Cir. 1970). Since appellant was not "in custody" under the 1963 conviction, jurisdiction is lacking and the petition was properly dismissed. For this reason, the ends of justice would not be served by considering the merits of the second application.

AFFIRMED.