John RISTAU, Plaintiff,

v.

William S. KIRK, Superintendent of Wallkill Correctional Facility, State of New York; Elizabeth Holtzman, District Attorney, Kings County; and Robert Abrams, New York State Attorney General, Defendants.

No. CV–85–4197.

United States District Court, E.D. New York.

Oct. 21, 1987.

John Ristau, pro se.

Steven H. Kessler, Asst. Dist. Atty., Brooklyn, N.Y., for defendants.

GLASSER, District Judge:

On November 18, 1985, pro se petitioner John Ristau filed a petition pursuant to 28 U.S.C. § 2254, alleging that his 1944 misdemeanor conviction was unconstitutionally obtained because he had not been represented by counsel nor advised of his right to be so represented. Petitioner, at the time he filed his application, was serving a sentence for a 1962 murder conviction. He asserted that he had been denied parole in 1982 and 1984 because the parole board relied, in part, on his allegedly infirm misdemeanor conviction. Petitioner was released on parole in January 1986.

In response to this Court's order to show cause, respondents argued that the petition should be dismissed on grounds of mootness and pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Without making a determination with respect to any of respondents' arguments, the Court directed respondents to submit certain documents pursuant to Rules 5 and 7 of the Rules Governing Section 2254 Cases. *See* Order dated February 6, 1987. The Court indicated that respondents' Rule 9(a) argument might have merit but noted that respondents would have to make a particularized showing of prejudice resulting from petitioner's delay since 1972 in bringing this petition.

On February 27, 1987, respondents submitted some of the material requested by this Court [1] and a further affidavit in opposition to the petition. Respondents have renewed their arguments that the petition is moot and that the State is prejudiced by petitioner's delay.

For the reasons set forth below, petitioner's application is denied.

## A. *Mootness*

Respondents argue that the claim raised by petitioner is moot because petitioner has obtained some of the relief he seeks—that is, release on parole. Petitioner's claim, however, is arguably not moot because the 1944 conviction may subject him to "disabilities or burdens" or to "collateral consequences." *Carafas v. LaVallee*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968) (citations omitted); *Mizell v. Attorney General*, 586 F.2d 942, 947–48 (2d Cir.1978), *cert. denied*, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979). While petitioner's 1944 misdemeanor conviction might appear to be a minor factor in any possible future proceeding, given petitioner's 1962 murder conviction, its potential consequences arguably preclude a determination that petitioner's claim is moot. *See, e.g., Lane v. Williams*, 455 U.S. 624, 632, 102 S.Ct. 1322, 1327, 71 L.Ed.2d 508 (1982) ("a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction") (quoting *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968)).

On the other hand, the Court takes note of respondents' argument that petitioner's claim is moot because it fails to fall within the realm of the "capable of repetition, yet evading review" doctrine. *See Weinstein*

---

1. In addition to the omissions discussed *infra,* respondents have failed to provide the parole records relating to petitioner's 1984 appearance and his latest appearance before the Parole Board. Instead, respondents have submitted a second set of 1982 records and an almost totally illegible copy of what appears to be a report from the Queens County Probation Department. Respondents' excuse that they received the latter report in this condition from petitioner is wholly inadequate.

*v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975) (citing *Sosna v. Iowa,* 419 U.S. 393, 399–400, 95 S.Ct. 553, 557–58, 42 L.Ed.2d 532 (1975)). Under this doctrine, a claim may not be rendered moot when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* 423 U.S. at 149, 96 S.Ct. at 349. In this case respondents argue that because petitioner has been granted parole it cannot be reasonably expected that he will be subject to denial of parole by this board, at any time in the future. The mootness issue need not be decided in this case, however, because the Court has determined that it does not possess the requisite jurisdiction.

### B. *Rule 9(a)*

On the Rule 9(a) issue, the Court notes preliminarily that respondents have not fully complied with the Order of February 6, 1987. In that Order, the Court noted that respondents' 9(a) argument could succeed only if respondents made a particularized showing of prejudice caused by petitioner's delay *since 1972.*[2] The Court noted, for instance, that respondents should show on what dates the trial judge, counsel, and court reporter became unavailable and should indicate whether the court reporter's notes are currently available. In his February 27, 1987 affirmation, Assistant District Attorney Kessler addressed only part of this request. He indicated that petitioner appeared before Magistrate Mason on January 5, 1944 but did not indicate whether Magistrate Mason is since deceased or otherwise unavailable. Mr. Kessler did indicate that one of the justices on the three-justice sentencing panel died in 1963 and one died in 1983. Mr. Kessler also indicated that he has been unable to obtain information about the third justice. Mr. Kessler did not discuss the availability of the court reporter or the notes of the court reporter, nor did he discuss the availability of the prosecutor.

▮ Thus, the Court is left with the following scenario: respondents have alleged prejudice based on the unavailability of transcripts and other pertinent court documents and respondents have shown that petitioner delayed forty years in bringing his claim; petitioner, in rebuttal, has shown that he could not have asserted his constitutional right to counsel claim until at least 1972 or 1973 and that the state's prejudice caused by the destruction of court records in 1969 is thus not attributable to his delay and does not bar his claim; finally, respondents have shown that at least some prejudice has resulted from petitioner's delay since 1972 because one of the three justices on the sentencing panel died in 1983 and a second one cannot now be found.

While this case appears to be particularly appropriate for a summary disposition on the issue of undue prejudice, respondents have thus far not met their burden. Because the Court finds that dismissal is warranted on other grounds, it will not pursue the Rule 9(a) issue further.

### C. *Jurisdiction*

▮ As a preliminary matter, the Court notes that neither petitioner nor respondents have addressed the issue of jurisdiction, which is an issue analytically distinct from that of mootness. *See, e.g., Anderson v. Smith,* 751 F.2d 96, 100–01 (2d Cir.1984); *Ward v. Knoblock,* 738 F.2d 134, 137–39 (6th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985); *Sevier v. Turner,* 742 F.2d 262, 269 n. 6 (6th Cir.1984). Section 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is

---

**2.** The Court cited several cases as authority for this requirement. *See, e.g., McDonnell v. Estelle,* 666 F.2d 246 (5th Cir.1982); *accord Strahan v. Blackburn,* 750 F.2d 438 (5th Cir.), *cert. denied,* 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985); *see also Norris v. Lefevre,* No. 82 Civ. 0614 (S.D.N.Y. Aug. 27, 1982) [Available on WESTLAW, DCT database] (Lexis, Genfed Library, Dist file).

in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

This Court thus has jurisdiction only if petitioner is "in custody" in a sense that meets the statutory requirements. The "in custody" requirement has been liberally construed to include both actual physical restraint due to incarceration as well as other significant restraints on a person's liberty such as those existing when a prisoner is released on parole or bail. *See generally Ward*, 738 F.2d at 138. While petitioner's release on parole would generally satisfy the "in custody" requirement, *see, e.g., Anderson*, 751 F.2d at 100 n. 4, the Court perceives a separate problem that precludes jurisdiction. At the time of filing his application, petitioner was "in custody" for a 1962 murder conviction, not the 1944 misdemeanor conviction he is currently challenging. At the time of his incarceration for the 1962 conviction, petitioner had apparently fully served his time on the misdemeanor conviction and the papers before the Court show no relationship between the 1944 and 1962 convictions and sentencings.

Under the reasoning followed by several courts, these facts would bar petitioner's claim. In *Carter v. Procunier*, for instance, the Fifth Circuit explained the statutory requirements as follows:

It is well settled that a habeas corpus petitioner meets the statutory "in custody" requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks. 28 U.S.C. §§ 2241(d); 2254(a), (b), *Sinclair v. Blackburn*, 599 F.2d 673 (5th Cir.1979), *cert. denied*, 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980). It is also clear that the court's jurisdiction continues over a habeas petition filed at the time he is incarcerated pursuant to the conviction he attacks, even if the petitioner is released from actual physical custody before the application is finally adjudicated. *Carafas v. LaVallee*,

391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). The court's jurisdiction does not continue, and a petitioner does not meet the statutory "in custody" requirement, however, when he (1) files the petition while in custody pursuant to a conviction that is positively and demonstrably related to the conviction he attacks, and (2) later is discharged from custody on that *related* offense before the petition is finally adjudicated. *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir.1981).

755 F.2d 1126, 1129 (5th Cir.1985) (emphasis in original).

Thus, under the authority of *Carter v. Procunier*, even if petitioner could show that his 1962 murder conviction was "positively and demonstrably related to the conviction he attacks," this Court would nevertheless have no jurisdiction because petitioner has been discharged from custody on that related offense. Alternatively, the Court finds that petitioner's application is barred because the relationship, if any, between the 1944 conviction and 1962 conviction is "speculative and remote." *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir.1979) (quoting *Diehl v. Wainwright*, 423 F.2d 1108, 1109 (5th Cir.1970)) (per curiam), *cert. denied*, 444 U.S. 1023, 62 L.Ed.2d 656 (1980). In *Sinclair*, a case involving facts that are remarkably similar to those before this Court, petitioner had pleaded guilty in 1963, when he was 18 years old, to the crime of "carnal knowledge of a juvenile." He served his three-year sentence to completion without challenging the conviction. In 1966, he was sentenced to a 25-year term for armed robbery and in 1967 he was given a life sentence for a murder committed during the armed robbery. In 1973, while serving these unrelated sentences, petitioner unsuccessfully challenged the 1963 conviction in state court. He then filed an application pursuant to § 2254 contending that the allegedly unconstitutional 1963 conviction prevented him from obtaining "possible consideration" by the state Board of Pardons. *Id.* at 675. The Fifth Circuit concluded that there was no "positive relation" between the prior conviction and current confinement as envisioned by its earlier determination in *Cappetta v. Wainwright*,

406 F.2d 1238, 1239 (5th Cir.), *cert. denied,* 396 U.S. 846, 90 S.Ct. 55, 24 L.Ed.2d 96 (1969). Specifically, the court in *Sinclair* noted that "[a]lthough the Board of Pardons sent appellant a form letter citing his past criminal record as one reason for denying him clemency, the Board also cited appellant's original offense" and other nonrelated matters. *Id.* at 676.

The Court finds *Sinclair* persuasive. The records relating to the Parole Board's denial of parole in 1982 clearly indicate that the denial was based on the "gravity of [the] instant offense," the killing of a 17 year old boy during the robbery of a grocery store. While the Board mentioned petitioner's previous record, it is clear that the 1944 misdemeanor conviction was only a very minor part of a long and continuous history of violent crimes including a 1947 armed robbery and "numerous" subsequent armed robberies. Furthermore, the Board found that professional evaluations showed that petitioner had "limited insight and judgment and an inability to function in a free society." Thus, the Court must conclude, as did the Fifth Circuit in *Sinclair,* that any relationship between the 1944 conviction and 1962 conviction was, at best, "speculative and remote."

The reasoning in *Cappetta, supra,* is not to the contrary. In *Cappetta,* the petitioner challenged an earlier, unrelated conviction while he was incarcerated for a subsequent conviction. Although the earlier conviction had expired at the time petitioner challenged it, he successfully argued before the Fifth Circuit that the district court would have jurisdiction over the habeas petition if it determined that he would be entitled to credit on the second sentence for time served on the first. 406 F.2d at 1239.

In the instant case, by contrast, petitioner is already out on parole and would get no credit or a shortened period of incarceration. *Anderson v. Smith,* 751 F.2d 96 (2d Cir.1984), similarly provides no support for finding jurisdiction. The court in *Anderson* relied on *Cappetta* to determine that it had jurisdiction to consider the petition of a prisoner who challenged a conviction that was related to the one for which he was currently incarcerated. The Second Circuit determined that it had jurisdiction

to consider the already expired conviction because that conviction could be used by the Parole Board in determining the time the petitioner would remain in prison on the unexpired conviction.

Thus, in *Cappetta* and *Anderson,* the expired convictions clearly had the potential of affecting the length of time of the petitioners' current confinements. By contrast, petitioner Ristau no longer faces the risk that his time in prison will be affected by the previous conviction. Thus, while he is still "in custody" because of his parole term, *see Anderson,* 751 F.2d at 100 n. 4, this custody is not related to the challenged conviction.

Accordingly, the Court finds that because petitioner is not in custody within the meaning of § 2254, the Court does not have jurisdiction to entertain this petition.

*Conclusion*

The petition for a writ of habeas corpus is dismissed. Should petitioner wish to appeal the Court's determination, this Order shall constitute a certificate of probable cause within the meaning of Federal Rule of Appellate Procedure 22(b).

SO ORDERED.