United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20303
Summary Calendar

DALTON LOYD WILLIAMS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3565
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dalton Loyd Williams, Texas prisoner #246571, seeks a certificate of appealability (COA) to appeal the district court's dismissal, for lack of subject matter jurisdiction, of his 28 U.S.C. § 2254 petition challenging his guilty-plea conviction of possession of cocaine, for which he received a 180-day sentence. Because the district court dismissed his petition on procedural grounds without considering the merits of his claims, in order to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obtain a COA, Williams must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Williams argues that the district court erred in dismissing his § 2254 petition for lack of subject matter jurisdiction. He does not dispute the district court's determination that the 180-day sentence imposed for possession of cocaine expired before he filed his petition. He contends that he was convicted in 1975 of various charges including murder, and that he was paroled on these charges in 1986. Williams argues that he is in custody based on his conviction for possession of cocaine because this conviction was the sole reason used by the Parole Board to revoke his 1986 parole.

A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001). "'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's

present incarceration." <u>Sinclair v. Blackburn</u>, 599 F.2d 673, 676 (5th Cir. 1979) (citation omitted).

Williams has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484. The present record does not support the district court's dismissal of Williams's § 2254 petition on grounds that he was not "in custody" as a result of his conviction for possession of cocaine. <u>See</u> <u>Coss</u>, 532 U.S. at 401-02; <u>Sinclair</u>, 599 F.2d at 676.

Accordingly, Williams's request for a COA is granted. The judgment of the district court is vacated, and this matter is remanded to the district court for further proceedings.

COA GRANTED; VACATED AND REMANDED.