2013 VT 35

## In re Vito Russo

[72 A.3d 900]

No. 11-004

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed May 24, 2013

*Matthew Valerio*, Defender General, and *Seth Lipschutz* and *Emily B. Tredeau*, Prisoners' Rights Office, Montpelier, for Petitioner-Appellant.

*Tracy Kelly Shriver*, Windham County State's Attorney, and *Ian C. Sullivan*, Legal Intern, Brattleboro, for Respondent-Appellee.

¶ 1. **Skoglund, J.** Petitioner appeals a civil division order dismissing his post-conviction relief (PCR) petition for lack of jurisdiction. Petitioner sought to attack convictions for which his sentences had been completed, and the court concluded that petitioner was not "in custody under sentence" as required by 13 V.S.A. § 7131. Petitioner argued that he satisfied the custody requirement because although his sentences were completed they were used by the criminal division to hold him without bail pending trial on a different charge. Because petitioner has failed to allege that his pretrial incarceration was sufficiently linked to the convictions he seeks to attack, we conclude that petitioner failed to meet the jurisdictional requirements of the PCR statute, and affirm.[1]

¶ 2. The record reveals the following pertinent facts. In November 2002, petitioner was arrested following an altercation with a former mortgage holder. During the conflict, petitioner allegedly shot at the mortgage holder during a car chase. The information charged fourteen different counts, including felony aggravated assault. Petitioner was held without bail pending trial based on a finding that the weight of the evidence satisfied 13 V.S.A. § 7553a. Ultimately, the State dismissed one count; petitioner pleaded guilty to several violations of conditions of release, and a jury found petitioner guilty of aggravated assault, driving while intoxi-

---

[1] The State contends that petitioner's PCR petition is moot because petitioner has completed the sentences for the convictions he is attacking and is no longer incarcerated on a hold-without-bail order. Indeed, the criminal docket entries indicate that in June 2011 the criminal division approved a plea agreement in which the State dismissed the felony aggravated-assault charge. Petitioner was then released from custody under conditions. We need not address whether petitioner's case has become moot as we conclude that the court properly dismissed the petition for failure to state a claim.

cated second offense (DUI), unlawful trespass, and driving with a suspended license (DLS).

¶ 3. In July 2003, the court sentenced petitioner to twelve to fifteen years for the aggravated assault. *State v. Russo*, 2004 VT 103, ¶ 5 n.5, 177 Vt. 394, 864 A.2d 655. The court added consecutive sentences for the DUI and DLS convictions, and the violations of conditions of release, which totaled an effective sentence of three to six years.

¶ 4. Petitioner appealed the aggravated-assault conviction and the sentence he received for all charges, and this Court affirmed. *Id.* ¶ 1. Petitioner then filed a PCR petition in the civil division seeking to overturn his aggravated-assault conviction based on the allegation that he received ineffective assistance of counsel. The trial court concluded that petitioner's counsel deprived him of effective representation and granted his request for a new trial in January 2008.[2]

¶ 5. Meanwhile, in March 2008, on the aggravated-assault charge, the criminal division again held petitioner without bail pursuant to 13 V.S.A. § 7553a. Petitioner appealed the hold-without-bail order, and, following a de novo hearing before a single justice, the order was affirmed in April 2008. See 13 V.S.A. § 7556(d) (granting right to second evidentiary hearing before a single justice when bail is denied under § 7553a); V.R.A.P. 9(b)(1). Petitioner did not further appeal that decision. 13 V.S.A. § 7556(e) (providing for review of denial by a three-justice panel); V.R.A.P. 9(b)(2).

¶ 6. On December 1, 2010, petitioner filed a handwritten PCR petition in the civil division. The petition referenced three different criminal dockets. Two of the cases, involving charges of unlawful trespass and failure to appear, were both dismissed with prejudice by the criminal division in 2005. The final docket listed was the 2002 multi-count case, which also included the aggravated-assault charge. Petitioner attacked his DLS conviction and his guilty pleas to violating conditions of release. His petition alleged that he received ineffective assistance of counsel, that his sentence exceeded the maximum authorized by law, and that there was newly discovered evidence that required that his sentence be vacated.

---

[2] Following the State's appeal, this Court affirmed in February 2010. *In re Russo*, 2010 VT 16, ¶ 1, 187 Vt. 367, 991 A.2d 1073.

¶ 7. While he alleged that he was incarcerated at the time of filing his petition, he did not claim to still be serving a sentence for the challenged convictions. Indeed, based on the facts presented by petitioner, his sentence for those charges expired in July 2007. Petitioner alleged instead that the prior convictions were "used" to hold him without bail pending trial on the aggravated-assault charge.

¶ 8. The civil division dismissed the PCR petition on December 8, 2010. The court concluded that petitioner failed to demonstrate that he was "in custody under sentence," as required by 13 V.S.A. § 7131. The court acknowledged that petitioner alleged that the challenged convictions were used to hold him without bail pending retrial for felony aggravated assault, but concluded that a pretrial hold-without-bail order did not suffice to meet the statutory jurisdictional requirement. The court also noted that the civil division had no jurisdiction to evaluate the criminal division's pretrial conditions-of-release decision. Having found no jurisdiction to grant relief, the court did not address petitioner's request for counsel. See 13 V.S.A. § 7133 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

¶ 9. On December 15, 2010, petitioner filed a motion to reconsider, which primarily included requests for a hearing, appointment of counsel, and an opportunity to amend the petition. The court denied petitioner's motion for reconsideration in a December 23, 2010 entry order. Petitioner appeals.

¶ 10. On appeal from dismissal for failure to state a claim, "we employ the same standard as the trial court: 'A motion [to dismiss] for failure to state a claim may not be granted unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief.'" *Mahoney v. Tara, LLC*, 2011 VT 3, ¶ 7, 189 Vt. 557, 15 A.3d 122 (mem.) (quoting *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605, 987 A.2d 258 (mem.)). In assessing the claims, "[w]e regard as true the complaint's well-pleaded factual allegations." *Wentworth v. Crawford & Co.*, 174 Vt. 118, 121, 807 A.2d 351, 353 (2002).

¶ 11. Relief pursuant to Vermont's PCR statute is available to "[a] prisoner who is in custody under sentence of a court and claims the right to be released upon the ground that the sentence

was imposed in violation of [law]." 13 V.S.A. § 7131. This appeal turns on resolution of the jurisdictional question of whether petitioner was "in custody under sentence of a court" at the time he filed his petition. Because it raises a question regarding the scope of the court's subject matter jurisdiction, our review is de novo. See *Rheaume v. Pallito*, 2011 VT 72, ¶ 2, 190 Vt. 245, 30 A.3d 1263.

¶ 12. Our cases have interpreted the "in custody" requirement of 13 V.S.A. § 7131 to encompass more than incarceration on the charge being attacked. A person remains in custody for purposes of the PCR statute "if [the person] suffers a significant restraint on personal liberty as a direct result of the challenged Vermont conviction." *In re Stewart*, 140 Vt. 351, 359-60, 438 A.2d 1106, 1109 (1981). Nonetheless, the PCR statute does not provide relief for *any* type of collateral consequence that a person may suffer as a result of a prior conviction. We have cautioned that "[e]very collateral consequence associated with a conviction will not trigger jurisdiction," and noted that "[a] conviction may deny some privileges so trivial that the 'in custody' requirement is not satisfied." *Id.* at 360, 438 A.2d at 1109.

¶ 13. Accepting as true the allegations in petitioner's complaint, the relevant facts are as follows. Petitioner was incarcerated at the time he filed his PCR due to a pretrial denial of bail on a charge he does not attack in this PCR. The sentences for the only convictions that petitioner seeks to attack have been fully served.[3] The earlier convictions were "used" in some manner in the court's decision to hold petitioner without bail.

¶ 14. Certainly, petitioner's incarceration amounts to a significant restraint on his liberty. The relevant question is whether this restraint is "a direct result of the challenged Vermont conviction." *Stewart*, 140 Vt. at 359-60, 438 A.2d at 1109. Other courts have described the necessary nexus as follows: there

---

[3] Petitioner's complaint also cited two criminal dockets in which the charges were dismissed with prejudice by the court in 2005. Because no conviction or sentence resulted in those cases, we do not consider them as open for attack in a PCR proceeding, which is limited to attacks on an invalid "sentence." See 13 V.S.A. § 7131 (providing for collateral attack to "vacate, set aside or correct the sentence" of a prisoner "who is in custody under sentence of a court and claims the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or of the state of Vermont").

is jurisdiction to entertain a PCR petition if the petitioner is in custody pursuant to the conviction he attacks or "if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) (per curiam). Here, we conclude that petitioner has failed to demonstrate that his current incarceration is sufficiently related to the convictions he seeks to attack. See *Ristau v. Kirk*, 671 F. Supp. 955, 958 (E.D.N.Y. 1987) (dismissing PCR petition where there was insufficient connection between current custody and challenged conviction).

¶ 15. Petitioner was detained pursuant to a pretrial denial of release on bail. The relevant statute allows a person to be held without bail when charged with a felony involving an act of violence "when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence." 13 V.S.A. § 7553a. Thus, in reaching a decision to hold petitioner without bail, the court was required to consider several different factors which were varied, and, for the most part, unconnected to petitioner's prior convictions.

¶ 16. Indeed, the denial-of-bail order demonstrates that the convictions petitioner attacks played a minimal, if any, role in the court's decision to hold petitioner without bail.[4] First, the court noted that the parties agreed petitioner was charged with a felony

---

[4] In assessing whether to dismiss for failure to state a claim, we have acknowledged that a court may take judicial notice of court decisions or documents referenced in the complaint without converting the motion into one for summary judgment. See *Kaplan*, 2009 VT 78, ¶ 10 n.4 (noting that court is not limited to allegations in complaint in ruling on motion to dismiss but may consider a document referenced in the complaint); see also 5B C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 376 (2004) (explaining that "court is not limited to the four corners of the complaint," and noting that cases "have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned"). Here, the complaint referenced the hold-without-bail order, and we can properly take judicial notice of the contents of that order. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (explaining that in evaluating motion to dismiss courts must consider complaint and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

that involved an act of violence. Next, the court concluded that the evidence was sufficient to sustain a guilty verdict. Finally, based on petitioner's behavior towards and obsession with the alleged victim of the aggravated assault and defendant's prior criminal record, the court concluded by clear and convincing evidence that there was no set of conditions that would be sufficient to protect the public and the former mortgage holder. The court generally referenced defendant's criminal history as a factor and cited specific charges including prior burglary and theft offenses, but the court did not mention the charges defendant now seeks to attack. Even accepting petitioner's allegation that these charges were "used" by the court, their connection to the court's overall decision was so remote that it does not suffice to demonstrate that petitioner's incarceration was a result of the convictions he seeks to attack. Unlike our enhanced-sentence cases where the prior conviction directly resulted in an enhanced sentence, here there is no direct link between the present restraint on petitioner's liberty and the prior conviction. Cf. *Stewart*, 140 Vt. at 359, 438 A.2d at 1109.

¶ 17. Our conclusion is similar to that reached in *Sinclair v. Blackburn*, 599 F.2d 673. In *Sinclair*, while the defendant was serving a sentence, he sought to challenge a prior unrelated conviction. He alleged that the prior conviction prevented him from obtaining certain privileges in prison and from obtaining possible consideration by the Board of Pardons. *Id.* at 675. The appeals court concluded that the defendant had failed to demonstrate that he was in custody for purposes of a PCR because there was not a sufficient relationship between his prior conviction and present confinement. Although the Board of Pardons had sent the defendant a letter denying him clemency, it cited his past criminal record as only one of several factors. The court thus concluded that any nexus between the defendant's confinement and his prior conviction was "speculative and remote." *Id.* at 676 (quotation omitted). Likewise, in this case, the connection between petitioner's pretrial incarceration and his prior convictions for violations of conditions of release and DLS are just as remote.

¶ 18. On appeal, petitioner argues for the first time that even though his sentence on the attacked convictions had expired he remained in custody under sentence because he was incarcerated in connection with the aggravated-assault charge, which

appeared in the same criminal docket as the attacked convictions.[5] Petitioner did not raise this basis for jurisdiction below. See *In re Grega*, 2003 VT 77, ¶ 17, 175 Vt. 631, 833 A.2d 872 (mem.) (explaining Court will not address issues that party failed to raise below). In any event, we conclude that there is no "continuing" jurisdiction as to all charges on the same docket just because one of the counts remains unresolved. The sentences for the convictions petitioner seeks to attack have been fully served and petitioner has not alleged that he is currently serving a sentence extended by those convictions or concurrent to those sentences. See *Oliphant v. Comm'r of Corr.*, 877 A.2d 761, 768 (Conn. 2005) (explaining that petitioner may meet custody requirement if he is serving consecutive sentences and seeks to challenge future sentence that has not yet begun or if success on completed sentence could advance release date). Indeed, petitioner's incarceration at the time he filed his petition was not the result of a sentence at all, but of a pretrial bail order. And, as explained, the hold-without-bail order was not a direct result of the challenged convictions. Therefore, there was no jurisdiction over the PCR petition and dismissal was appropriate.

*Affirmed.*

¶ 19. **Robinson, J.,** dissenting. I don't doubt that petitioner faces a steep uphill battle in showing the necessary causal relationship between the convictions he challenges and his hold-without-bail status, but I believe the court's dismissal of his case on the pleadings, and prior to referral to counsel, was premature. For that reason, I respectfully dissent.

¶ 20. I agree with the majority that the central question in this case will be whether defendant can demonstrate that his detention without bail pending retrial on the aggravated assault charge was "a direct result of the challenged Vermont conviction[s]." *In re Stewart*, 140 Vt. 351, 359-60, 438 A.2d 1106, 1109 (1981). *Ante*, ¶ 14.

¶ 21. And I agree that establishing the necessary causal connection in a case like this is especially challenging. This is not a case in which a petitioner was automatically subject to a sentence enhancement or the loss of an important legal right on the basis

---

[5] Although petitioner did not have counsel in the trial court, he is represented on appeal.

of a statute, rule, or other legal authority; here, the necessary cause-effect relationship between the challenged convictions and the restraint of liberty supporting the post-conviction relief petition is a matter of evidence and judgment.

¶ 22. Moreover, petitioner will likely be limited to the established record in trying to prove the impact of his challenged convictions on his pretrial detention. He cannot, after all, depose the trial court judge who conducted the bail hearing, or the judge who conducted the de novo bail review hearing, to determine the significance of the prior convictions in either judge's decision-making. Judges cannot be compelled to testify about the mental processes used to formulate judgments. See *United States v. Morgan*, 313 U.S. 409, 422 (1941) (deposition of judge regarding process by which judge reached order "would be destructive of judicial responsibility").

¶ 23. Finally, a judge's decision to hold an accused without bail is generally based on multiple factors, such that establishing the impact of a particular factor may require inappropriate speculation. See, e.g., *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979). *Ante*, ¶¶ 15, 17.

¶ 24. I nonetheless would hold that dismissal of petitioner's complaint at the very threshold of litigation was premature. I reach this conclusion for several reasons. First, our general practice is to "regard as true the complaint's well-pleaded factual allegations when reviewing an order on a motion under V.R.C.P. 12(b)(6)." *Wentworth v. Crawford & Co.*, 174 Vt. 118, 121, 807 A.2d 351, 353 (2002). In this case, petitioner specifically alleged that the violation of probation charges that are the subject of his complaint for post-conviction relief "have been used to hold [him] w/out bail." We have recognized that "when the complaint relies upon a document[, that] document merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605, 987 A.2d 258 (mem.) (quotation and alteration omitted). In reliance on this principle, the majority referenced "the hold-without-bail order." *Ante*, ¶ 16 n.4. It is not clear which order the majority relies on — the initial order or the order upon de novo appeal. In either event, the transcripts and written decisions from bail review hearings were not expressly mentioned in nor attached to petitioner's PCR complaint. Although I understand the majority's chain of reasoning — petitioner's causation

claim has to be supported by the trial court's ruling on bail, and that ruling is a matter of record — I believe the review of the record undertaken by the majority in the context of this motion to dismiss stretches the principle we affirmed in *Kaplan* to a new frontier.

¶ 25. Second, the standard applied by the majority affirms that it is reviewing petitioner's complaint as if the court were reviewing a motion for summary judgment. Rather than considering whether petitioner's *allegations* support a claim, the majority concludes that petitioner "has failed to *demonstrate* that his current incarceration is sufficiently related to the convictions he seeks to attack." *Ante,* ¶ 14. The record available for review — consisting of transcripts of two bail hearings and a written decision from a bail review hearing — may well include all of the evidence on the dispositive issue of causation that could properly be considered on a motion for summary judgment. However, I do not feel confident that we can know that. The trial court's decision focused on a different issue, and petitioner has not been given the opportunity to present evidence in the context of a motion for summary judgment.

¶ 26. Third, for the purpose of this appeal, the State has conceded that the challenged convictions were a factor in the trial court's bail determination. Although the Court is not bound by a party's concession, at this juncture in the litigation it seems odd to disregard a concession in favor of our own read of the evidence — or what we believe to be the evidence.

¶ 27. Fourth, to the extent we do consider the transcripts of prior bail review hearings — an approach that apparently differs from the trial court's — those transcripts provide some support for petitioner's claim, albeit weak. After petitioner's aggravated-assault conviction was vacated, the trial court held a bail review hearing to consider whether petitioner should be held without bail pending retrial on that charge. The trial court treated the hearing as one for review of bail on the ground that petitioner previously had been held without bail in 2002 following the aggravated-assault and other charges but before his convictions.

¶ 28. The trial court concluded that evidence of guilt was great, and turned its attention to the question of whether petitioner's release pending hearing would pose "a substantial threat of physical violence to any person" that reasonably could be prevented through conditions of release. 13 V.S.A. § 7553a. The court

noted petitioner's ongoing obsession with the way that his property was taken from him by the mortgage-holder. Then the court explained:

> I am concerned about the failure to abide by the court's conditions in the past. This incident occurred while there was a specific condition not to have contact nor harass Mr. Mackay and a trespass order had been issued against Mr. Russo for preventing this same thing and this really serious charge, event, incident happened while both of those or all of those orders were in place. There was also an order not to use alcohol and one of the convictions here was a DWI, so clearly when it comes to Mr. Mackay there's difficulty with abiding by court orders that are meant to protect him.

On appeal, the State presented evidence of petitioner's convictions for violating various conditions, and the court specifically identified his criminal record — presumably including the convictions at issue here — as a factor supporting its hold-without-bail order.

¶ 29. I do not mean to suggest that on the basis of the above evidence petitioner could establish the requisite causal connection between the convictions he is challenging and his confinement without bail, or even that his claims could survive summary judgment. The trial court did not purport to rely on petitioner's VOP and other *convictions* in holding him, but, rather, relied in part on the underlying alleged conduct that gave rise to those convictions. On appeal and de novo hearing, the court pointed generally to petitioner's criminal record, but did not single out the charges at issue in this case — which comprised part only of the overall criminal record. Again, petitioner faces long odds. But this is a motion to dismiss, and petitioner has not had the opportunity to present other evidence to provide context for understanding the court's ruling.

¶ 30. Finally, I note that the trial court did not refer petitioner's case for consideration of appointment of counsel before dismissing the case despite petitioner's request for appointed counsel and his filing of the requisite application for appointment of counsel. Petitioner's right to counsel in connection with the charges that form the basis for the PCR complaint extends to "any . . . postconviction proceeding which may have more than a minimal effect on the length or conditions of detention where the attorney

considers the claims, defenses, and other legal contentions to be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." 13 V.S.A. § 5233(a)(3). In this case, the trial court never referred the case to the Defender General for a determination of whether counsel believed his claims to be frivolous. See *In re Morse*, 138 Vt. 327, 330, 415 A.2d 232, 233 (1980) (failing to appoint counsel before making any rulings on a PCR motion can be reversible error). Before closing the door to the possibility of post-conviction relief for petitioner, I believe we ought to allow for the possibility that petitioner may qualify for counsel and that counsel may present evidence or may identify and brief the issues more persuasively.

¶ 31. For these reasons, I respectfully dissent. I am authorized to state that Justice Dooley joins this dissent.