VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street, PO Box 187
Burlington VT  05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 20-CV-00957

Serendipity Morales v State of Vermont

# DECISION ON MOTION TO DISMISS

In this case, Petitioner launches her second attack on her 2013 conviction in docket no. 736-2-11 Cncr. In her prior petition, no. 597-7-18 Cncv, she alleged Rule 11 violations in the plea colloquy that led to those convictions. Now, she alleges ineffective assistance of counsel, both in connection with the 2013 conviction and in the 2018 post-conviction relief case. The State moves to dismiss the petition as an abuse of the writ, per 13 V.S.A. § 7134. The court grants the motion.

The facts underlying this decision are all matters of record. In her Petition, Petitioner alleges that prior to her conviction, the State communicated to her then-attorney a plea offer that the attorney never conveyed to her. Pet'r's Aff. In Support of Pet'n, ¶ 3. The State subsequently withdrew the offer. *Id.* ¶ 4.  Petitioner did not learn that it had been made "until on or about 2016." *Id.* ¶ 5. These facts, she argues, prove ineffective assistance of counsel. *Id.* ¶ 7.

With respect to her first PCR case, Petitioner alleges, "[o]n or about 2016, I filed a Petition for Post-Conviction Relief  . . . , raising [the ineffective assistance of counsel claim]." *Id.* ¶ 8. She goes on to assert that her "then Attorney of Record . . . filed an Amended Petition . . . , removing such claims and insteading [sic] raising a [Rule 11] claim . . . without informing me." *Id.*  These assertions, however, are categorically disproven by the record. First, as Petitioner herself acknowledges, her first petition was filed not in 2016, but "[o]n or about July 26, 2018." Response to Motion for Dismissal, 2; *see* Petition for Post-Conviction Relief, no. 597-7-18 Cncv (July 26, 2018). More importantly, examination of the 2018 petition makes clear that Petitioner did not even hint at an ineffective assistance of counsel claim; rather, it advanced exclusively a Rule 11 attack. Thus, prior PCR counsel cannot have "remov[ed] [ineffective assistance of counsel] claims without informing [Petitioner]"; there were no such claims to remove.

These facts compel the conclusion that the current petition is barred by the doctrine of abuse of the writ, which the Vermont Supreme Court has adopted from federal jurisprudence. *See In re Laws*,

2007 VT 54, ¶ 18, 182 Vt. 66 (" '[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.' ") (quoting *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). Pursuant to this doctrine, "[w]hen a petitioner files a second or subsequent petition, the government bears the burden of pleading abuse of the writ, setting forth a petitioner's writ history, identifying the claims that appear for the first time, and alleging the petitioner has abused the writ." *In re Towne*, 2018 VT 5, ¶ 25, 206 Vt. 615 (citing *Laws*, 2007 VT 54, ¶¶ 21–22). This shifts the burden to the petitioner, "to show cause for failing to raise the claim previously and actual prejudice from the default." *Id.* To show cause, "the petitioner must show 'some objective factor external to the defense' that 'impeded counsel's efforts to raise the claim in the earlier proceeding.' " *Id.* (quoting *Laws*, ¶ 20).

Here, the State has clearly met its burden. Its motion sets forth Petitioner's writ history, clearly demonstrating that she has asserted here a claim that she did not assert in her prior petition—either as filed or as amended. *See* Motion to Dismiss, 1–2. The motion proceeds to allege that this constituted abuse of the writ. *Id.*, 2–3. The burden therefore shifted to Petitioner to demonstrate cause for her failure to raise the ineffective assistance of counsel in her prior petition. It bears emphasis here that Petitioner has acknowledged in her current Petition that she was aware, "on or about 2016," of the facts underlying her ineffective assistance counsel claim. The only excuse she proffers for failing to assert this claim in her prior petition is that she in fact asserted it, only to have it withdrawn by her PCR counsel. As noted above, however, the prior petition categorically refutes this assertion. Thus, while the court ordinarily is bound to accept as true allegations challenged in a motion to dismiss, it need not do so here. *See In re Russo*, 2013 VT 35, ¶ 16 n.4, 193 Vt. 594 ("In assessing whether to dismiss for failure to state a claim, we have acknowledged that a court may take judicial notice of court decisions or documents referenced in the complaint without converting the motion into one for summary judgment.").

This observation obviates the necessity of considering either (1) whether the alleged ineffective assistance of PCR counsel establishes cause under the *Laws* test or (2) whether prejudice resulted from the alleged default. As to cause, the sole allegation—that counsel withdrew a claim of ineffective assistance of counsel in the underlying case—is demonstrably false. The ineffective-assistance-of-PCR-counsel excuse fails on its merits; there cannot have been ineffective assistance of counsel in "withdrawing" a claim that had never been asserted. Thus, the question of "cause" is moot.  As to prejudice, *Towne* makes clear that Petitioner must demonstrate both cause and prejudice; if she has not shown the former, the court need not consider the latter. Accordingly, as in *Towne*, the court need not

decide here whether Vermont would adopt the ineffective assistance of post-conviction counsel exception recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Towne*, 2018 VT 5, ¶ 35.

**ORDER**

The court grants the Motion to Dismiss. The Petition is dismissed with prejudice, for abuse of the writ. Counsel for the State shall submit the form of judgment required by V.R.C.P. 58.

Samuel Hoar, Jr.
Superior Court Judge

So Ordered